UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20778-CR-JORDAN/BROWN

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

KENT FRANK,

   Defendant.
_____/

## MOTION TO SUPPRESS EVIDENCE AND INCORPORATED MEMORANDUM OF LAW

  COMES NOW the Defendant, by and through undersigned counsel, and moves this Honorable Court pursuant to F.R.Cr.P 121b(3)( c) and Local Rule 7.1, to issue an Order suppressing at the time of trial the following evidence:

  1. The Defendant's camera and all pictures and images taken from said camera, said camera seized on January 1, 2004, by Cambodian officials working in conjunction with United States officials.

  2. The computer, any images retrieved from said computer, taken from the Defendant's residence in Cambodia on January 1, 2004, by Cambodian officials working in conjunction with American officials.

  As grounds for said motion, the Defendant states the following:

  1. That on January 1, 2004, the Defendant was residing in the Kingdom of Cambodia.

  2. That on that date, Defendant was observed in a water theme park in Phnom Penh Cambodia with four females that he believed to be overage.

1

3. That at that theme park, Defendant KENT FRANK was observed with these four females, by officials of the United States Embassy.

4. That without any knowledge as to the age of these four females or of any criminal conduct, representatives from the United States Embassy took it upon themselves to work in conjunction with Cambodian officials in order for them to act as a arm of the United States government and investigate KENT FRANK.

5. That later that day on January 1, 2004, the Defendant, KENT FRANK, was stopped, his residence and his possessions searched and seized, detained and ultimately arrested.

6. It is believed that ICE agents and/or customs attache, Gary Phillips and/or other agents, agents from the non-government organization (NGO) known as AFESIP, along with Cambodian national police (CNP) agents were working in concert to investigate and ultimately arrest KENT FRANK on the evening of January 1, 2004.

7. This arrest and detention of KENT FRANK was at the request of the United States government officials and in essence the Cambodian authorities were acting as United States agents.

8. That upon the Defendant's detention, the authorities searched his hotel room, seized computer, camera and other evidence.

9. These images, computer and camera were retained by United States governmental officials are being held as evidence to prosecute the Defendant, KENT FRANK.

10. That United States officials using the most clever and highly technical techniques were able to undelete images from the Defendant's camera, said images are alleged to depict acts of sexual activity.

11. That each and every action done by Cambodian authorities were in conjunction and at the behest of United States officials.

12. The NGO called Agin Pour Les Femmes En Situation Precair (AFESIP) is an organization funded at least in part by the United States government. NGO's have admitted paying money directly to Cambodian National Police for their work in investigating individuals targeted by the NGO as either alleged victims or perpetrators of prostitution activity in Cambodia.

13. At the time of KENT FRANK's arrest on the evening of January 1, 2004, agents from AFESIP were present and worked in conjunction with the CNP.

14. That the Cambodian officials and AFESIP agents were and did act as agents of the United States.

15. That since these officials were acting at the behest, and as agents of the Untied States, the actions in Cambodia by these Cambodian officials working hand in hand with the United States government violated the Defendant's Fourth Amendment right to be free from unlawful searches and seizures as guaranteed by the United States Constitution.

## MEMORANDUM

It is not disputed, that the actual seizing of the Defendant's computer and camera were done by Cambodian officials. As a general rule, Fourth Amendment rights and exclusionary rules are generally inapplicable to foreign searches and seizures. United States v. Mitro, 880 F.2d 1480, 1482 (1st Cir. 1989); United States v. Janice, 428 U.S. 433, 455, n. 31, 96 S.Ct. 3021, 3032 n. 31, 49 L.Ed. 2d 1046 (1976). The exceptions to the general rule is where "American agents participated in the foreign search or the foreign officers acted as agents for their American

3

counterparts". United States v. Hensel, 699 F.2d 18, 25 (1st Cir. 1983). As to whether foreign officials acted as agents of the United States is determined by analyzing "whether the United States agents participation in the search was so substantial so as to convert the search into a joint venture between the United States and the foreign officials". Stonehill v. United States, 405 F.2d 738, 743 (9th Cir. 1968). In the case at bar, the search and seizure of the Defendant along with the computer and the camera, were done at the behest of the United States government. Investigation into the Defendant was done at the behest of the United States government. Actions of the Cambodian law enforcement officers, would not have taken place but for the request and behest of the United States government. Facts such as here demonstrate that the Cambodian officials were acting as agents of the United States government.

The different Circuits have voiced different concerns as to searches and seizures done by foreign officials. The Court noted in United States v. Melina Chacone, 27 F.Supp. 1253 (E.D. NY 1986), at 1259 "the implication is clear that a Federal Court must look at the particular facts of each case involving a search or seizure by foreign officials and make a determination of whether the application of the Fourth Amendment and its intended exclusionary rule is worthwhile". The guiding principle is that the exclusionary rule is not a constitutional rights of an individual but rather a judicially created device to deter United States police from misconduct and to be applied only in those situations where this objective can be achieved. (See United States v. Janice, 428 U.S. 433, 446-447, 96 S.Ct. 3021, 3028-29, 49 L.Ed.2d 1046 (1976). Here, using Cambodian officials, United States officials were able to do what they would have legally been unable to do.

Without a warrant, KENT FRANK's room was searched. Without a warrant, KENT

BENJAMIN & AARONSON, P.A. • One Financial Plaza • Suite 1615 • Fort Lauderdale, Florida 33394

FRANK'S camera and computer were seized. Without a warrant, KENT FRANK's computer and camera were inspected, analyzed, and seized so that images could be retrieved. At the time that these instruments, i.e. camera and computer were seized, there was no evidence that there was any illegal or illicit material on said camera or in said computer. At the time that KENT FRANK was seized by Cambodian officials, the only evidence of any unlawful or illegal activity alleged to have been conducted by KENT FRANK, was that he was seen at a water theme park with four individuals, all clothed at all times. Under United States law, at that time, there would have been no reason to have KENT FRANK arrested.

The United States authorities did not use American law but rather used their agents. Cambodian officials, to circumvent KENT FRANK's Fourth and Fifth Amendment rights for having said Cambodian officials seize KENT FRANK and his equipment. The United States government can not use agents of other nations, to do what the Constitution prohibits them to do. In the case at bar that is exactly what the United States government did. In the case at bar, KENT FRANK's Fourth Amendment rights were not only violated by Cambodian authorities, but were actually violated by United States authorities using their tools i.e. Cambodian law enforcement, who detained, arrested and had KENT FRANK's articles searched and seized which under United States law the same could not occur.

It needs to be noted, that although KENT FRANK was arrested under Cambodian law, he was ultimately freed under Cambodian law as he had not committed any crime. KENT FRANK never did anything even remotely illegal under Cambodian law. The fact that he was set free by Cambodia courts illustrates that his arrest by Cambodian authorities is just part of their agency with United States officials. Again the prosecution of KENT FRANK, based upon illegally

5

seized evidence and his unlawful detention, that could not have occurred by United States agents complying with United States law.

The Court in Stonehill v. United States, 405 F.2d 738 (9th Cir. 1968) requires that the actions between the Cambodian authorities and the United States authorities in the case herein to be one of "a joint venture". The acts as enunciated above, show that same joint venture. The words joint venture may be misplaced. Rather than being a joint venture, it was a venture of the United States using Cambodian officials to carry out ministerial tasks that the United States officials were not allowed to do. The clear showing of the facts, indicate that it was more of a master/servant relationship with the United States being the master and Cambodian authorities being the servant. These facts certainly meet the requirement of a joint venture in order to have Fourth Amendment concerns implicated.

Based upon the aforesaid, the Defendant requests this Honorable Court rule that in fact a joint venture did occur between the Cambodian authorities and the United States authorities, that under United States law, the actions of the Cambodian authorities would have violated his Fourth Amendment rights to be free from unlawful searches and seizures, and that due to the United States officials' involvement, the same Fourth Amendment concerns apply here. The evidence of KENT FRANK's camera and computer and the images retrieved from both were retrieved in violation of his Fourth Amendment rights and should be suppressed.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail to the Office of the United States Attorney, JONATHAN LOPEZ, ESQ., 99 Northeast 4 Street, Suite 400, Miami, Florida 33132 and to Assistant Attorney General, WENDY WALDRON at Child Protection and Obscenity Unit at the Department of Justice, 950 Pennsylvania Avenue,

6

Northwest, Washington, D.C., 20530-0001 on this 14th day of October, 2005.

Respectfully submitted,

_____
JAMES S. BENJAMIN, ESQ.
Benjamin & Aaronson, P.A.
Fla. Bar No. 293245
One Financial Plaza; Suite 1615
Fort Lauderdale, Florida 33394
(954) 779-1700
(954) 779-1771 (fax)

7