UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 04-20778-CR-JORDAN

FILED by _____ D.C.

JAN - 3 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA )
)
vs. )
)
KENT FRANK )
_____ )

### ORDER ON MOTION TO DISCLOSE SPECIFIC *KYLES* AND *BRADY* INFORMATION

Kent Frank's motion to compel disclosure of specific *Kyles* and *Brady* information [D.E. 55] is DENIED IN PART AND GRANTED IN PART.

The motion is DENIED in the following respects. First, although the government is providing the information voluntarily, Mr. Frank is not entitled to the names and addresses of persons interviewed by the government concerning Sharky's Bar, and his request – without further elaboration – is essentially a fishing expedition. Second, without any indication of what these individuals supposedly know or would say, Mr. Frank is not entitled to the names and addresses of U.S. government officials, personnel, and/or employees who frequent Sharky's Bar. Third, Mr. Frank is not entitled to discovery concerning what other persons were at the water park at or before the time of his arrest. Fourth, the government has indicated that it does not have statements from "Papa Lorn" or Peter Greiss. Fifth, the government has indicated that it has not made any payments to the Cambodian NGO known as AFESIP. Sixth, the government has indicated that no payments were made to officers of the CNP. Seventh, without specifying a need or use for the information, Mr. Frank is not entitled to know whether any CNP officers own or work security for Sharky's Bar. Eighth, the demand for "any and all statements, information, documents, records, transcripts, or reports" concerning the specific discovery requests is overbroad. Ninth, Mr. Frank is not entitled to know the identities of all persons who were present when he supposedly made statements.

The motion is GRANTED in the following respects. First, Mr. Frank is entitled to know whether any persons interviewed stated that the alleged victims were prostitutes and/or were over the age of 18. The government is already turning over, voluntarily, all witness statements and interviews, so Mr. Frank should have this information. Should the government learn of any further similar witness statements, it must turn over the information to Mr. Frank. Second, Mr. Frank is

entitled to know whether the government has made payments to (a) AFESIP, (b) the CNP and/or its officers, (c) any witnesses, or (d) the alleged victims and/or their families in connection with this investigation. The government has represented that no such payments were made, but should it become aware of contrary information it must turn it over to Mr. Frank.

DONE and ORDERED in chambers in Miami, Florida, this 29th day of December, 2005.

_____
Adalberto Jordan
United States District Judge

Copy to: All counsel of record