IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 04-20778-CR-JORDAN/KLEIN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              SUPPLEMENT TO DEFENDANT'S
                                                    EXISTING MOTIONS TO DISMISS

KENT FRANK,

    Defendant.
_____/

    The Defendant, KENT FRANK, through undersigned counsel files this Supplement to Defendant's Existing Motions To Dismiss (Docket Entries 53, 57, 58) and in support thereof states:

    Undersigned counsel took responsibility for this case when he filed his notice of appearance on April 24, 2006. Prior counsel previously filed motions to dismiss counts of this indictment. In order to fulfill his obligation to provide effective assistance of counsel to the defendant and following preliminary investigation of the facts, review of those previously-filed motions, the Government's response, and independent research, the Defendant files this brief supplement to those motions.

-1-



## Unconstitutionality of Title 18 United States Code Section 2423(c) and (f) On Its Face And As Applied.

The pertinent subsections of the present version of Title 18 United States Code section 2423 were created by enactment of Public Law Number 108-21 and became effective April 30, 2003. This act was entitled "Prosecutorial Remedies And Other Tools To End The Exploitation Of Children Today Act Of 2003." It is this engrafting on the preexisting act that is challenged. There is no challenge being made to the predecessor version of Title 18 United States Code section 2243.

Because the statutory provisions at issue are so recent, undersigned counsel found only one case addressing some constitutional challenges to these new provisions. In prior written submissions, both parties relied on United States v. Clark, 315 F. Supp. 2d 1127 (W.D. Wash. 2004). Pursuant to his ethical obligation to this Court, undersigned counsel advises this Court that there is an appellate decision on that ruling. United States v. Clark, 435 F.3d 1100 (9th Cir. 2006) rejected certain specific constitutional challenges, based on the narrow facts of that case. Clark was a split decision of that three-judge panel, with one dissent that would have declared this new statutory provision unconstitutional. For present purposes, there is no need to reiterate what this Court can read. It suffices to say that the debate is a live one and

that the recent Clark decision is the first and, at this moment, only decision on the constitutionality of this new provision.

The issue of the age of consent and its effect on the constitutionality of the provisions at issue, viewed facially and as applied, warrants additional discussion.

The new Title 18 United States Code section 2423(c) criminalizes "illicit sexual conduct" with another person and imposes a severe maximum sentence of thirty years. The phrase "illicit sexual conduct" is defined as **either** of two types of conduct.

The second type of conduct is a commercial sex act with a person under the age of 18 years. Title 18 United States Code section 2423(f)(2) adopts the definition of a "commercial sex act" that is contained in Title 18 United States Code section 1591(c)(1). That latter statutory provision defines a "commercial sex act" to mean "any sex act, on account of which anything of value is given to or received by any person." In simple layman's terms, this second type of conduct forbids prostitution with a person under the age of 18 years old. This second type of conduct makes the age of federal prostitution control consistent with the prior provision now contained

in Title 18 United States Code section 2423(a).

It is the first type of conduct enacted in what is now Title 18 United States Code section 2423(f)(1) this runs afoul of the Constitution both on its face and if applied to convict a person. In this case, the indictment does not specify if the Government intends to use subsection (f)(1) as a basis to convict defendant Frank by use of a jury instruction invoking that provision.

Title 18 United States Code section 2423(f)(1) criminalizes any sexual act with a person under the age of 18 years that would be a violation of Chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States.

Chapter 109A consists of the codified statutes Title 18 United States Code sections 2241, 2242, 2243, 2244, 2245, 2246, 2247 and 2248. In terms of the age of consent, those statutes set the age of consensual sex at **16** years old.[1] The special

---

[1] This shifting formula prohibits a 19-year-old male from having sex with a 15-year-old female. However, there is no crime if the a 19-year-old male is having sex with a 16-year-old female within the confines of the special maritime and territorial jurisdiction of the United States.

-4-

maritime and territorial jurisdiction of the United States is defined by Title 18 United States Code section 7.

As written, this new statute makes it a thirty-years-of-imprisonment felony for a United-States-citizen high school student or a United-States-citizen college student, who is being educated abroad in any foreign country in the world to have sex with a person under 18 years old. Likewise, a high school student or a college student on board a U.S. cruise ship in the harbor off of Cambodia can have sex with a 16 year old on board ship, but cannot do so after disembarking that ship and reaching the land of Cambodia. That is so even though the age of consent in Cambodia is 15 or 16 years old.

The new Title 18 United States Code section 2423(c) has international lineage. The International Tribunal For Children's Rights issued a publication entitled International Dimensions of the Sexual Exploitation of Children: Global Report. That document can be found in English in an Adobe Acrobat format at internet site http://www.ibcr.org. Page 18 of that report discusses the age of consent and states that 18 years of age is the preferred age for protection against **child prostitution, child pornography and sexual trafficking**. However, in terms of consensual sexual

conduct, the age of 16 years is generally associated with sexual maturity.

The United Nations' Optional Protocol To The Convention On The Rights Of The Child **On The Sale of Children, Child Prostitution And Child Pornography** was entered into force January 18, 2002 – a date preceding enactment of Public Law Number 108-21. Nowhere in that protocol is there any age set by that U.N. document regarding sale, prostitution or pornography involving children. More relevant is the fact that **nowhere in that protocol** is there any discussion of consensual sex not involving sale of children, child prostitution and child pornography – let alone the minimum age permitting consensual sex.

Thus, there is no treaty obligation supporting selection of the age of 18, as opposed to 16, as the minimum age for purely consensual sex in a foreign country. There is no rational basis for selecting the age of 18 as opposed to the age of 16. Finally, under the equal protection component of the Due Process Clause or other concepts inherent in the Due Process Clause, there is no basis for the Federal Government setting the minimum age be 16 years for consensual sex if the sex act occurs while the defendant is in the special maritime and territorial jurisdiction of the United States, but 18 years for consensual sex if that same sex act occurs inside a foreign country.

Respectfully submitted,

*/s/ Jeffrey E. Feiler*

JEFFREY E. FEILER
Suite 200
7685 S.W. 104th Street
Miami, Florida 33156
Phone: (305) 670-7700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a correct copy of this Response was hand-delivered to opposing counsel, ERIC E. MORALES, Assistant United States Attorney, Suite 400, 99 N.E. 4th Street, Miami, Florida 33132 on this 14th day of June, 2006.

*/s/ Jeffrey E. Feiler*

JEFFREY E. FEILER