UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 04-20778-CR-JORDAN

UNITED STATES OF AMERICA

vs.

KENT FRANK,

  Defendant.
_____/

## UNITED STATES' MOTION IN LIMINE TO PRECLUDE HEARSAY

**COMES NOW** the United States of America, through undersigned counsel, respectfully moves *in limine* for this Court to issue an order precluding defendant Kent Frank from presenting or eliciting testimony and evidence, or mentioning to the jury, out of court statements made by Minors A, B, and C, or other persons, whether the statement was made on video or otherwise. The statements are inadmissible hearsay. As such, the defense should not mention them in voir dire, opening or closing, present them as evidence, or even incorporate them in questions posed to a witness, without first establishing to the Court that the particular statement is admissible for that purpose.[1] The Court should so order.

---

[1] The United States recognizes that if a Minor testifies, her out of court statements may be used to cross examine her or otherwise be admissible, such as a prior consistent statement.

I.  **Factual Background.**

A.  **The Interviews of Minors.**

Prior to the defense interviewing Minors A, B, and C, in March 2005, the Minors made several separate statements regarding their age, some of which were video taped. In these statements that were made to Cambodian police, to a doctor, and to United States Agents, the Minors stated they were sixteen or below. They did not state they had been mistreated by the Cambodian authorities or anyone else.

This motion is prompted by video disc recordings provided by the defense to the United States. The statements were made during interviews conducted by, or at the direction of, persons working for the Defendant in Cambodia. The first of these recorded statements was made more than a year after the Minors' statements to U.S. Agents. The first video recording contains interviews of Minor A, B, and C, that were made in March 2005 ("the March 2005 interviews"). This recording was the basis of Defendant's October 15, 2005, Motion to Set Bond (DE 56). The second video disc contains interviews of Minors A and B in March 2006.

The interviews contained on the video discs are highly suspect and are not credible. This Court reviewed the first video disc, containing the March 2005 interviews, and portions of the transcripts of the interviews. In its written decision denying Defendant's Motion to Set Bond, this Court stated that the two of the Minors "had their answers strongly suggested to them by" persons present during the interviews (DE 72).[2]

In the second video recording ("the March 2006 interviews"), Minors A and B state that they

---

[2]The United States' response in opposition to Defendant's Motion to Set Bond details how the interviews are unreliability and corrupted by coaching (DE 67).

2

were eighteen and nineteen at the time that they had sexual intercourse with Defendant. They state also that the Cambodian police and members of a non-governmental organization forced them to say they were underage. This time, the Minors are given some sort of oath at the beginning of the interview and are interviewed separate from each other. Still, the interviews on the March 2006 video disc are similar to the interviews on the March 2005 video disc in that the Minors appear to be coached into their answers and there are multiple persons present during the interviews.

The March 2005 and 2006 video discs also depict persons who claim to be a parent of a Minor. However, there is absolutely no evidence that the persons on the video discs claiming to be parents are actually their parents. Moreover, the presence and participation in the questioning by the "parents," even if they were to be parents, raises the possibility that the Minors were not able to speak freely.

**B.    Experts.**

Doctor Walter F. Lambert may testify as an expert for the United States and give his opinion of the ages of Minors A, B, C, D, and other females depicted in the images seized from Defendant. Doctor Lambert formulated his opinion by reviewing images of the persons. Doctor James Cousins may testify and give his opinion as to the age of Minors A, B, C, and D. Doctor Cousins personally examined and spoke with the Minors on January 2, 2004. Neither Doctor has reviewed any of the prior recorded interviews with the Minors.

**II.    Memorandum of Law.**

As the Court is aware, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is inadmissible generally, except as provided by the Rules

of Evidence. Fed. R. Evid. 802.

Statements that would be excluded as hearsay if admitted for their truth, are sometimes admissible not for the truth. See United States v. Cancelliere, 69 F.3d 116, 1123 (11th Cri. 1995)(approving of admission of statement not for the truth but to prove knowledge). Such statements are not hearsay in that they are not offered for the truth of the matter asserted. However, the statement must be relevant in the form offered, that is, without being true the statement must have a tendency to make a fact that is of consequence to the determination of the action more probable or less probable. Fed. R. Evid. 401(defining relevance). If not, then the statement remains inadmissible as irrelevant. Fed. R. Evid. 402 (stating that evidence that is not relevant is not admissible). Even if the statement is relevant if not for its truth, the statement may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Rule 703, which permits an expert to rely upon hearsay, does not automatically provide for the admissibility of hearsay evidence simply because an expert is testifying. See, Bryan v. John Bean Div. of FMC Corp., 566 F.2d 541, 544-547 (5th Cir. 1978)(upholding exclusion of hearsay evidence to cross-examine expert); United States v. Tomasian, 784 F.2d 782, 786 (7th Cir.1986) ("Rule 703 does not sanction the simple transmission of hearsay; it only permits an expert opinion based on hearsay."); see also 29 C. Wright & V. Gold, Federal Practice & Procedure, § 6273, p. 312 (1997) ("Rule 703 does not authorize admitting hearsay on the pretense that it is the basis for expert opinion when, in fact, the expert adds nothing to the out-of-court statements other than transmitting them to the jury."); Crowley v. Chait, 322 F. Supp.2d 530, 553 (D.N.J. 2004) (stating that an expert may not be used as a vehicle for the admission into evidence of otherwise inadmissible hearsay); Blue Cross

Blue Shield v. Grace, 781 F.Supp 420, 427 (D.S.C. 1991) (excluding cross examination of expert with hearsay because "the expert must rely upon the evidence in question for it to be admissible"); Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp., 576 F. Supp. 107, 158 (D. Del.1983) ("While an expert witness may base his opinion on [hearsay] evidence, this does not magically render the hearsay evidence admissible."), aff'd, 740 F.2d 956 (3d Cir.1984). The expert must rely upon the data or information in question for it to be admissible. See e.g., Gregory v. South Hills Movers, Inc., 477 F.Supp. 484 (W. D. Penn. 1979). Even then, the Court should weigh whether the prejudicial effect of permitting the otherwise inadmissible hearsay before the jury is substantially outweighed by the probative value. See Fed. R. Evid. 703, commentary.

**III.   Argument.**

    **A.**   **The March 2005 and March 2005 interviews are inadmissible hearsay.**

The Court should preclude the defense from mentioning or using out of court statements by Minors A, B, and C, or by their "parents" before the jury. Whether made in the March 2005 or March 2006 interviews, such statements are hearsay if offered for their truth. No hearsay exception applies. The statements are therefore inadmissible hearsay.

    **B.**   **The defense should not be permitted to use the March 2005 and March 2006 interviews to cross-examine Doctors Lamber and Cousins.**

In its cross-examination of Government experts Drs. Lambert and Cousins, the defense may attempt to introduce or raise hearsay statements of the Minors, such as the March 2005 and March 2006 video disc interviews. Dr. Lambert did not use any statements to form his opinions. This includes the March 2005 and 2006 interviews by the defense of the Minors. Since Dr. Lambert did not rely on any statements by the Minors, it would be improper to cross-examine him about those statements. Therefore, he should not be asked any questions based on statements by the Minors.

Although Dr. Cousins opinion may have been partially based on statements the Minors made to him on January 2, 2004, it is not based on the statements they gave to the defense months later in March 2005 or March 2006. Since he did not rely on the defense video disc statements to form his opinions, Dr. Cousins should not be asked questions regarding these statements.

### C. The statements are not admissible as non-hearsay statements offered not for the truth.

The out of court statements by the Minors and their "parents" to the defense are inadmissible as non-hearsay statements not offered for the truth of the matter asserted. If not offered for their truth, these statements are irrelevant.[3] Moreover, the prejudice to the U.S. that would result from mention of the March 2005 and March 2006 statements by the Minors and their "parents" to the jury, whether in questioning the witnesses or otherwise, would be severe. The prejudice would substantially outweigh the probative value, if any, these statements could possibly have. Therefore, Rule 403 demands that these statements should not be mentioned before the jury in any way. See United States v. Renfro, 620 F.2d 497 (5th Cir. 1980) (upholding limiting cross examination of government witness based on Rule 403 balancing).

Additionally, introduction or mention of the March 2005 and March 2006 interviews would mislead the jury. The fact is that Minors A, B, and C, have made widely inconsistent statements regarding their ages. Thus, admitting their statements to the defense where they state they were of age at the time they were with the Defendant would, in fairness, necessitate informing the jury of out of court statements by the Minors to the Defendant before his arrest, to Cambodian police, and to U.S. Agents, where they stated that they were sixteen or younger. Otherwise, the jury would not be

---

[3]The United States recognizes that out of court statements, such as those at issue in this motion, may become admissible under certain circumstances if the declarant testifies.

6

misled and not have an accurate picture.

The Rules state that proceedings before a jury are to be conducted "so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Fed. R. Evid. 103(c). Therefore, the defense should not mention or raise the March 2005 and March 2006 video disc interviews before the jury in any way unless they first establish, to the Court's satisfaction and outside the hearing of the jury, that the use of the statements is permissible.

### Conclusion

As argued in this motion, the United States requests that the Court preclude the defense presenting or eliciting testimony and evidence, or mentioning to the jury, out of court statements

made by Minors A, B, and C, whether the statement was made on video or otherwise unless Court permission is first obtained outside the hearing of the jury.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: _____
ERIC E. MORALES
Assistant United States Attorney
Court ID Number A5500886
99 NE 4th Street, Suite 600
Miami, FL 33132-2111
Tel: 305-961-9377
Fax: 305-530-7976

By: _____
WENDY WALDRON
Trial Attorney, U.S. Department of Justice
1400 New York Ave. N.W.
Washington, D.C. 20005
Telephone: (202) 514-5780
Facsimile: (202) 514-1793

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by facsimile and United States mail this 21 day of August, 2006 , to:

Jeffrey E. Feiler
7685 SW 104 Street
Suite 200
Miami, Florida 33156

_____
Eric E. Morales
Assistant United States Attorney