IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 04-20778-CR-JORDAN/KLEIN

NIGHT BOX
FILED

AUG 1 8 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

KENT FRANK,

Defendant.
......................................................../

MOTION TO SUPPRESS STATEMENTS AND INCORPORATED MEMORANDUM OF LAW

The Defendant, KENT FRANK, through undersigned counsel files this Motion To Suppress Statements And Incorporated Memorandum Of Law and in support thereof states:

On January 1, 2004, the Defendant, KENT FRANK, was arrested by law enforcement officials from the country of Cambodia and taken to a local jail in the City of Phnom Penh. This arrest was for sexual exploitation of at least one female, who was believed to be a minor under the age of fifteen (15) years old. The factual allegations of the conduct that defendant FRANK had engaged in could be a crime under both the criminal law of Cambodia and the PROTECT ACT of the United



States if true. Both sets of criminal laws would apply to defendant FRANK, because that defendant was known at the time of his arrest to be a citizen of the United States.

Defendant FRANK does not read or write the primary language used in Cambodia. Defendant FRANK had a very limited vocabulary in terms of oral communication made to him and from him in the primary language spoken in Cambodia. The City of Phnom Penh is an international city that has tourists, foreign visiting residents and Cambodian residents, who can converse in the English language. Indeed, there is a community of citizens of the United States, Great Britain and Australia who reside in that city. Defendant FRANK is fluent in the English language.

The one to four females – one or more of whom were suspected to be less than fifteen years old and one or more of whom were suspected of being under eighteen years old as of January 1, 2004 – were also taken to the same jail facility at which defendant FRANK was being incarcerated. Those females were being detained for the purpose of "rescuing" those girls from what was believed to be sexual exploitation of a minor.

On January 1, 2004 or very early on January 2, 2004, both the United States Embassy and agents of Immigration and Customs Enforcement ( also known by its acronym as "ICE") were informed that defendant FRANK was in Cambodian custody for sexual exploitation of a minor.

In the morning of January 2, 2004, defendant FRANK was taken to an interrogation room. In that room were Cambodian law enforcement personnel, who did not speak the English language. One person, who was present in that room, spoke both the Cambodian language and the English language. At no time did defendant FRANK understand what was said in the Cambodian language. All that defendant FRANK could understand was what was said to him in English by the interpreter and the precise words uttered from his, defendant FRANK's, mouth in English. Defendant FRANK did not see any person in that particular interrogation room, who defendant FRANK knew to be an agent of the Government of the United States.

During this interrogation and while in custody, defendant FRANK was asked questions specifically addressing whether he, defendant FRANK, was engaged in what could be a sexual exploitation crime under both Cambodian criminal law and United States law. Defendant FRANK was never given any Miranda rights in English

from the mouth of the translator, who was speaking to Mr. FRANK in the English language. Defendant FRANK did not waive his Miranda rights prior to this interrogation and would not have waived his Miranda rights, had those rights been given to him prior to his custodial interrogation. Mr. FRANK was told that he, defendant FRANK, **had to** talk to those people in that room at that time. After that interrogation, Mr. FRANK was given a written document that was written in a foreign language that Mr. FRANK was told in English that Mr. FRANK **had to** sign. Mr. FRANK obeyed what was commanded of him.

The Government has produced two documents that are actually visually different documents. Each of those two documents bears the handwritten signature of defendant FRANK. Those two documents are attached to this motion as Exhibits A and B. Exhibits A and B, themselves, are one subject of this motion to suppress. It appears that each of those documents, while having visually apparent differences, concern the same single interrogation. Both of these documents are written in script of the Cambodian language and have only a few words that are written in the English language. No person, who is not able to read and understand the Cambodian language used in those documents, can know what those documents mean in the English language.

The Government has also provided two slightly different English translations of those two visually different documents. Defendant FRANK has reviewed the Government's English translation of those two documents. Defendant FRANK did not say in English to the translator certain words that the English translation attributes to him. The words in question, which defendant FRANK did not utter in Englis but which appear in the post-conversation English translations, can be viewed as incriminating in the pending United States prosecution.

During this interrogation, an ICE agent was already reviewing seized physical evidence for the purpose of investigating if defendant FRANK was committing a crime against the United States.

Since the effective date of the present PROTECT ACT, the government of the United States began investigations of several cases of violations of the United States criminal law regarding sexual exploitation of minors by citizens of the United States while in the country of Cambodia. Those investigations were begun before defendant FRANK was arrested for alleged involvement in the crimes charged against him in this pending indictment. Prior to the arrest of defendant FRANK on January 1, 2004, the Cambodian Government signed an international agreement that the United States

also signed, by which agreement the country of Cambodia is required to cooperate with the United States Government in any possible prosecution by the United States of a citizen of the United States for conduct in the country of Cambodia that violates the PROTECT ACT while that United States citizen is in the Country of Cambodia. Moreover, the State Department of the United States has a system known by the Cambodian Government that would impose sanctions on the Government of Cambodia for failure of the Cambodian Government to assist in the criminal prosecution of citizens of the United States who engage in sexual exploitation of minors while in the country of Cambodia. Prior to the arrest of defendant FRANK on January 1, 2004, it was openly known in Cambodia that the arrest of a United States citizen in Cambodia would be a dual investigation of whether that United States citizen violated both the criminal law of Cambodia and the criminal law of the United States concerning crimes of sexual exploitation of a minor.

A written confession is inadmissible under the Due Process Clause of the Fifth Amendment unless the Government shows by a preponderance of the evidence that the confession was voluntary. Lego v. Twomey, 404 U.S. 477 at 489 (1972). Under the circumstances existing here, the Due Process Clause precludes admission of a written document for use of any incriminating verbiage against that defendant

contained in writing in that document, where the incriminating words are written in a foreign language that the defendant does understand and where the defendant was told to sign that document. Consequently, the written documents consisting of attached Exhibits A and B must be suppressed.

The concept of Miranda rights is designed to protect a defendant's Fifth Amendment right against self-incrimination. The law concerning Miranda rights can apply to questioning of a United States citizen by foreign officials in a foreign country, when the foreign officials are coordinating their investigation with the investigation by the United States Government. In that situation, the foreign officials are conceptually acting in a joint venture and as agents of the United States Government. United States v. Heller, 625 F.2d 594 at 599 (5th Cir. 1980); *see* Reid v. Covert, 354 U.S. 1 at 5-7 (1957). Article 6 of the Optional Protocol to the Convention On The Rights of the Child On The Sale Of Children, Child Prostitution And Child Pornography compels Cambodia to cooperate with the United States in the investigation of any United States crime involving the sexual exploitation of a minor in Cambodia by the citizen of the United States.

On these facts, if Miranda applies, there is no dispute that the oral statements obtained by the Cambodian officials on or about January 2, 2004 were obtained in violation of the Miranda concepts and must be suppressed. Miranda v. Arizona, 384 U.S. 436 (1966); Oregon v. Mathiason, 429 U.S. 492 (1977); Rhode Island v. Innis, 446 U.S. 2912 (1980); Tague v. Louisiana, 444 U.S. 469 (1980).

WHEREFORE the defendant, KENT FRANK, respectfully requests this Court to grant this motion and to suppress both Exhibits A and B, and also all oral statements made by the defendant on or about January 2, 2004 to officials of the Cambodian Government.

Respectfully submitted,

JEFFREY E. FEILER
Suite 200
7685 S.W. 104th Street
Miami, Florida 33156
Phone: (305) 670-7700

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a correct copy of this Motion To Suppress was both faxed and mailed to opposing counsel, ERIC E. MORALES, Assistant United States Attorney, Suite 400, 99 N.E. 4th Street, Miami, Florida 33132 on this 18th day of August, 2006.

JEFFREY E. FEILER

[Handwritten Cambodian/Khmer government form with handwritten entries in Khmer script]

Notable legible entries:
- FRANK KENT
- OKLAHOMA
- Signature: Frank Kent
- LOOC FRANK

Image reflects quality of original submission

**Exhibit A**

- [illegible] KITTY JANE [illegible]
- [illegible]
- [illegible]
- [illegible]

[illegible]

[illegible handwritten Khmer text]

Frank Kent

Image reflects quality of original submission

[illegible]
[illegible]
[illegible]
[illegible]
[illegible]

[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible] (JOHN DEL) [illegible]
[illegible]

[illegible]
[illegible]

កំណត់ហេតុនេះបានធ្វើចប់សព្វគ្រប់នៅខែ ឆ្នាំ វេលាម៉ោង ១២ និង ៥០ នាទី និង បានអានសារឡើងវិញជាយល់ព្រមដោយខ្លួនឯង ឬដោយនាយនគរបាលយុត្តិធម៌ បញ្ជាក់គេដោយ ចាំពិតជាត្រឹមត្រូវ និងយល់ព្រមផ្តិតមេដៃ ឬចុះហត្ថលេខា ដូចខាងក្រោម ។

ជនរងការ

S. CHAN

អ្នកបកប្រែ

នាយកនគរបាលយុត្តិធម៌

វរសេនីយ៍ត្រី ម៉េង.សារឿន

ជនដែលត្រូវសួរចម្លើយ

Frank Kent

Image reflects quality of original submission

TH-17

ព្រះរាជាណាចក្រកម្ពុជា

ជាតិ សាសនា ព្រះមហាក្សត្រ

អយ្យការអមតុលាការខេត្ត-ក្រុង

[illegible]

សំណុំរឿង [illegible] 3

លេខ : 10/03-1-04

Image reflects quality of original submission

# កំណត់ហេតុសួរចំលើយ

ឆ្នាំ [illegible] ខែ [illegible] ថ្ងៃ [illegible] វេលាម៉ោង [illegible]

យើង [illegible]

ដោយមានលោក [illegible] ជាក្រឡាបញ្ជីអមផងបានសួរកត់យកចំលើយរបស់

ឈ្មោះ FRANK KENT ជា [illegible]

ដោយមានលោក ........ ជាមេធាវីការពារក្តីដូចខាងក្រោមនេះ

សួរ-ឆ្លើយ : ខ្ញុំបាទ-នាងខ្ញុំឈ្មោះ Frank Kent អាយុ 47 ជាតិ [illegible]

កើតនៅភូមិ OKLAHOMA ខេត្ត-ក្រុង USA

សាសនា ........ ទីលំនៅសព្វថ្ងៃនៅភូមិ [illegible] ឃុំ-សង្កាត់ Golden Bride

ស្រុក-ខណ្ឌ [illegible] ខេត្ត-ក្រុង 226 [illegible] របររកស៊ី [illegible]

ប្រពន្ធ ឬប្តីឈ្មោះ [illegible] "រ-ស" មានកូន X នាក់

ឪពុកឈ្មោះ LON FrANK (រ-ស) ម្តាយឈ្មោះ Betty JANE (រ-ស)

ទោសពីមុន [illegible]

សួរ-ឆ្លើយ : [illegible handwritten Khmer text]

1564

Exhibit B

01-01-2004

Image reflects quality of original submission

[illegible] Camera [illegible]

[illegible] California [illegible]

[illegible]

Image reflects quality of original submission

KF-25

ចំណាំខ្ញុំអស់តែប៉ុណ្ណេះ ។

ឈប់សួរអានអោយស្តាប់ សាម៉ីខ្លួនឆ្លើយថាត្រឹមត្រូវហើយ ហើយសុខចិត្តចុះហត្ថលេខា ឬផ្តិតមេដៃជាមួយយើង ។

អ្នកឆ្លើយ | ក្រឡាបញ្ជី | ព្រះរាជអាជ្ញា ~~ចៅក្រម~~

1568

Image reflects quality of original submission