UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 04-20778-CR-JORDAN/KLEIN

**NIGHT BOX RECEIVED**
AUG 18 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

**UNITED STATES OF AMERICA**

vs.

**KENT FRANK,**

    **Defendant.**
_____/

### UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND PRECLUDE MENTION OF PRIOR PROSECUTION BY CAMBODIAN AUTHORITIES

**COMES NOW** the United States of America, through undersigned counsel, respectfully moves *in limine* for this Court to issue an order preventing defendant Kent Frank from introducing evidence of, mentioning in argument, or raising during direct or cross-examination of witnesses, his prosecution in Cambodia on charges based on the same conduct underlying the charges in the above captioned case and that the Cambodian prosecution was dropped. Such events are totally and prejudicial to the issues in this case. Evidence regarding Cambodia proceedings does not have probative value in this case. Moreover, such evidence would have the effect of raising irrelevant issues and creating a sideshow that is certain to delay the trial and confuse the jury. Therefore, the fact that Defendant was prosecuted by Cambodian authorities and that charges were dropped should not be brought up at Defendant's trial. The Court should so order.



I.     **Background.**

Defendant is a U.S. citizen with a last known residence in Miami Beach, Florida. Defendant is charged in a ten count Indictment with various offenses related to his alleged sexual exploitation of multiple minors during two trips to Cambodia in 2003. The first trip occurred between approximately September and October 2003. The Defendant left for his last trip to Cambodia in late November 2003. This trip ended when Defendant was brought back to the U.S. to face this Indictment in late 2004.[1]

Prior to the filing of the indictment in this case, Defendant was arrested and charged by Cambodian authorities. Defendant was charged in Cambodian court with charges of debauchery with girls under the age of sixteen. The Cambodian charges were based on some of the same conduct charged in the present Indictment. The Cambodian judicial system differs from our judicial system in many respects. One is that the Cambdian system does not use jury trials, but the judge renders the verdict. The Cambodian prosecution of Defendant ended when the presiding Judge Nop Saphorn dropped all charges. Defendant was released from Cambodian custody. Thereafter, the instant prosecution was brought against Defendant in United States federal court. The United States obtained an indictment and an arrest warrant against Defendant.

Defendant was located in Vietnam by U.S. law enforcement. Vietnamese authorities were made aware that Defendant was wanted in the U.S. The Vietnamese authorities detained Defendant and expelled him to Thailand. Thailand authorities then expelled Defendant to the United States, whereupon Defendant was arrested on the present case.

---

[1] The charges in the Superceding Indictment are outlined in the United States' Motion in Limine to Admit Images and Testimony, at pp. 1-2, Section I.

The United States has learned that Cambodian Judge Nop Sophorn is under suspicion of corruption after Defendant's prosecution.[2] Judge Sophorn was demoted and sent to a rural post. Additionally, Cambodian Police Major Meng Say, who participated in the Cambodian investigation of Defendant, is presently a fugitive from justice wanted for corruption.

II.   **Memorandum of Law.**

Courts, including the Eleventh Circuit, have routinely rejected attempts by defendants to admit evidence that they were acquitted in some related earlier proceeding. See United States v. Sanchez, 992 F.2d 1143 (11th Cir. 1993) (holding that evidence of prior acquittal in other jurisdiction was inadmissible hearsay); see also United States v. Gricco, 277 F.3d 339, 352-353 (3rd Cir. 2002) (upholding federal trial court's exclusion of prior state acquittals); United States v. De La Rosa, 171 F.3d 215, 220 (5th Cir. 1999) (noting unanimous agreement that "evidence of prior acquittals are generally inadmissible"); United States v. Giovanelli, 747 F.Supp. 875, 887 (S.D.N.Y. 1989). These decisions show that evidence of acquittals or non-prosecution in prior prosecutions for the same conduct that underlies the federal prosecution is inadmissible under Rule 402 because it is irrelevant, under Rule 403 because the probative value, if any, is substantially outweighed by danger of unfair prejudice, confusion of the issues, and misleading the jury, and because it is inadmissible hearsay.

In United States v. Kerley, 643 F.2d 299 (5th Cir. 1981), for example, the former Fifth Circuit held that the district court properly excluded evidence of the defendant's acquittal in state court arising out of the same incident that was the basis of the offense charged in the federal indictment.

---

[2]This is not to say that the Judge was determined to have acted corruptly in his handling of Defendant's case.

Prior to Kerley's federal trial, the government filed a motion seeking to exclude any evidence of the state court acquittal. At a hearing on the motion, defense counsel stated that he sought to introduce the judgment of acquittal not as direct evidence, but rather to impeach the complaining witness by showing his prejudice and interest in the outcome of the federal case, and to test his credibility because he testified in the state case. The court ruled that evidence of the prior acquittal was inadmissible, and instructed defense counsel not to refer to that acquittal. The appellate court agreed with that ruling, reasoning that this evidence was irrelevant, and that any probative value the evidence might have was outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Id. at 300-01. On the same grounds, in United States v. Irvin, 787 F.2d 1506, 1516-17 (11th Cir. 1986), the Eleventh Circuit upheld the district court's ruling *in limine* that the defendant could not refer to or solicit information during direct or cross-examination regarding the fact that his co-defendants had been acquitted of the same conduct in a prior proceeding.

### III.   Argument.

Because evidence regarding the outcome of the proceedings in Cambodian courts is irrelevant, constitutes inadmissible hearsay, and would confuse the jury while needlessly delaying the trial, this Court should exclude any testimony or mention of the fact that Defendant was charged in Cambodian courts for his acts with the minor victims and the resulting dismissal of charges. The order should prohibit any reference to the Cambodian prosecution in Defendant's opening and closing, direct and cross-examination of witnesses, and preclude testimony from defense witnesses regarding the Cambodian charges.

First, and most obviously, whether the Cambodia government prosecuted Defendant and the outcome of the prosecution is not relevant and, thus, not admissible. See Fed. R. Evid. 402 (stating

4

that evidence which is not relevant is not admissible). The fact that there was a Cambodian prosecution and its outcome has no probative value as to the elements of the charges contained in the indictment. The Cambodian legal system is markedly different from the federal system. In Cambodia, the presiding judge conducts the fact finding and renders the verdict. Additionally, the charges against Defendant were based on the girls being under the age of sixteen. Here, Defendant can be found guilty upon proof that the minors were less than eighteen.[3]

The outcome of the Cambodian prosecution is not relevant to any of the issues to be decided by the jury in this case. The dismissal in Cambodian court, as well as the Cambodian's handling of their case, do not tend to prove any of the facts regarding Defendant's actual guilt or innocence. There is no basis or need for the defense to elicit the fact that he was charged but not convicted in Cambodia. Moreover, such action by the defense might result in a sideshow regarding the Cambodian prosecution and the possibility that it was affected by corruption. Nop Sophorn, the Cambodian Judge who presided over the prosecution of Defendant and dismissed the charges, has been demoted based on suspicion corruption. Curiously, Defendant made a large cash withdrawal from one of his bank accounts during the time that he was being prosecuted in Cambodia. Additionally, Cambodian National Police Major Meng Say, a ranking officer in the investigation of Defendant, is a fugitive from justice wanted for corruption. Major Meng Say told U.S. Agents that Defendant offered him a bribe after he was arrested.

Secondly, testimony regarding this issue is plainly prohibited, on several levels, by Fed. R. Evid. 403. Rule 403 prohibits evidence whose probative value is "substantially outweighed by the

---

[3]"Illicit sexual conduct" is defined in Section 2423(f)(2) as a commercial sex act (as defined in 18 U.S.C. § 1591) with a person under 18 years of age. A minor is defined in 18 U.S.C. § 2256(1) as being "any person under the age of eighteen years."

5

danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay [or] waste of time." Each of these concerns arises starkly here.

Testimony or other evidence about the result of the Cambodian prosecution would have the effect of rasing side issues which would confuse the trial. In cases where there has been an acquittal on state charges for the same conduct underlying the federal charges, a situation analogous to the present case, courts have found that a judgment of acquittal does "not necessarily prove innocence, but may indicate only that the prosecution failed to meet its burden of proof beyond a reasonable doubt as to at least one element of the crime." United States v. Gricco, 277 F.3d at 353 at n.4. Thus, admitting the evidence or permitting mention of the Cambodian prosecution would tempt the parties to engage in a protracted "trial-within-a-trial" that would unduly delay proceedings and distract and confuse the jury. This would result in undue prejudice to the United States.

An additional reason to exclude this evidence or mention of the Cambodian prosecution is that it is inadmissible hearsay prohibited by Rule 802. United States v. Irvin, 787 F.2d at 1516-1517; United States v. Sanchez, 992 F.2d 1143, 1160 (11th Cir. 1993); United States v. Gricco, 277 F.3d 339, 353 (3rd Cir. 2002). Only judgments of conviction are excepted from the operation of the hearsay rule. Id., citing United States v. Viserto, 596 F.2d 531, 537 (2nd Cir. 1979). Other than witnesses' prior testimony, statements, and depositions which may be admitted or otherwise used in the federal trial pursuant to the Rules, communications and documents relating to the Cambodian prosecution are clearly out-of-court statements that come within no valid exception to the hearsay rule. See Fed.R.Evid. 801 and 802.

Besides needlessly drawing out the trial, and bringing before this Court testimony from the witnesses about facts of which they have no firsthand knowledge, this kind of evidence will confuse

the jury about the simple task before them. The issue is not whether, or why, the charges against Defendant were dismissed in a prior prosecution in another country. The issue for the jury is whether the evidence that is presented to *them* at trial proves that Defendant is guilty beyond a reasonable doubt of the crimes charged in the indictment. This Court's time and resources, and the time and attention of jurors, should not be wasted on a sideshow that has nothing to do with the merits.

Finally, permitting argument, questioning, or evidence on this subject would unfairly prejudice the United States. The charges against Defendant, a person with a history of inappropriate behavior with young girls, are serious and well-founded. The United States – a separate sovereign from the Kingdom of Cambodia – is entitled to prosecute them in a federal court without regard to the result in a foreign court. The validity of such subsequent prosecution is well settled double jeopardy law. See United States v. Gricco, 277 F.3d at 352 (citations omitted). Since the law permits such prosecution, the U.S. litigation should proceed unencumbered by the prior verdict and prosecution. The jury at this trial should not be confused or misled into evaluating the evidence presented to them under the light of a decision rendered by a foreign court that heard evidence that may or may not be similar as that heard by them, presented in a different judicial system, by different parties, and under a different system of laws.

### IV.    Conclusion

For all of the foregoing reasons, the Court should completely preclude Defendant from introducing evidence of the prosecution in Cambodia, including prohibiting reference to the dismissal of charges or prosecution during opening statements, closing arguments, and questioning of witnesses in direct and cross-examination, and mentioning in any way in front of the jury that

there was a prior Cambodian prosecution. Moreover, the Court should prohibit any testimony, mention, questioning, or other evidence of the handling of the charges in Cambodia.

                         Respectfully submitted,

                         R. ALEXANDER ACOSTA
                         UNITED STATES ATTORNEY

By: _____
     Eric E. Morales
     Assistant United States Attorneys
     Court ID no. A5500886
     99 Northeast 4th Street, Ste. 600
     Miami, Florida 33132-2111
     Tel: (305) 961-9255
     Fax: (305) 530-7976

By: _____
     WENDY WALDRON
     Trial Attorney, U.S. Department of Justice
     1400 New York Ave. N.W.
     Washington, D.C. 20005
     Telephone: (202) 514-5780
     Facsimile: (202) 514-1793

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was faxed this 19th day of August, 2006, to Jeffrey E. Feiler at 305-669-8198, and mailed to:

Jeffrey E. Feiler
7685 SW 104 Street
Suite 200
Miami, Florida 33156

ASSISTANT U.S. ATTORNEY