UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20778-CR-JORDAN

UNITED STATES OF AMERICA,

vs.

KENT FRANK,

      Defendant.

_____/

### GOVERNMENT'S SUPPLEMENT TO MOTION IN LIMINE TO ADMIT TESTIMONY

The United States of America, by and through R. Alexander Acosta, United States Attorney for the Southern District of Florida, Eric Morales, Assistant United States Attorney, and Wendy Waldron, Trial Attorney for the United States Department of Justice, respectfully submits this supplemental motion to admit in evidence testimony regarding Defendant's alleged other acts involving a minor in 2004. The testimony of "Minor F" that Defendant touched her while she was sleeping and offered money to marry her in 2004 is admissible under Fed.R.Evid. 404(b) to prove Defendant's intent, knowledge, and plan.

**I.     INTRODUCTION**

Defendant, Kent Frank, is charged in a ten count superceding Indictment with violations of Title 18, United States Code, Sections 2423(c), 2251A, and 2423(b), relating to his alleged sexual exploitation of multiple minors during two trips to Cambodia in 2003.[1] The first trip occurred between approximately September and October 2003. Defendant left for his last trip to Cambodia

---

[1] These charges are discussed in more detail in the Government's Motion In Limine to Admit Images and Testimony.



in late November 2003 and did not return until he was brought back in connection with these offenses in late 2004.

### A.   The Testimony of Minor F

The Government is seeking to offer the testimony of a young woman, "Minor F," about alleged other acts by Defendant. Minor F is the younger sister of "Minor E," whose potential testimony is discussed in detail in the Government's Motion In Limine to Admit Images and Testimony. The Government has just learned that Minor F is willing to come to the United States to testify at trial. Like Minor E, Minor F will testify about an incident that occurred in approximately 2004, when Minor F was approximately fourteen years old. According to Minor F, she was sleeping in the house that she was staying in with Minor E, and awoke to find Defendant touching her under her shirt. Minor F will also testify that Defendant offered money to marry her. The defense has been aware of the Government's intent to admit evidence of these incidents since Minor E testified at a Rule 15 deposition on June 30, 2006.

## II.   ARGUMENT

As discussed in much greater detail in the Government's Motion In Limine to Admit Images and Testimony, the testimony of Minor F is admissible under Rule 404(b) to show Defendant's intent, knowledge, and plan. The Eleventh Circuit has recognized that Rule 404(b) applies to relevant "other acts," whether they occurred before or after the charged offense. United States v. Jernigan, 341 F.3d 1273, 1283 ("[W]e note that the standard for evaluating the admissibility of a subsequent bad act under Rule 404(b) is identical to that for determining whether a prior bad act should be admitted under this Rule"). Any prejudice Defendant may suffer by the admission of this evidence does not substantially outweigh the high probative value of the evidence.

2

### A. The Evidence is Admissible to Show Intent

Evidence of Defendant's pursuit of, and intent toward, Minor F in early 2004, during his last trip to Cambodia, is highly relevant evidence of his intent at the time of his travel in November 2003, as required for a conviction on Count Ten of the Indictment. Other acts evidence is regularly admitted to prove that a defendant possessed the requisite intent for charged offenses. As the Supreme Court has noted, 404(b) evidence may be critical to establishing a disputed issue, "especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Huddleston v. United States, 485 U.S. 681, 685 (1988). The Eleventh Circuit has similarly recognized the high probative value of other acts evidence where intent and knowledge are at issue, noting that "where the issue is defendant's mental state the balance tips toward admissibility." United States v. Robinson, 687 F.2d 361 (11th Cir. 1982).

The Eleventh Circuit has approved of the admission under Rule 404(b) of evidence similar to the testimony of Minor E. In United States v. Breitweiser, 357 F.3d 1249 (11th Cir. 2004), the defendant was charged with abusive sexual contact with a fourteen-year-old, in violation of 18 U.S.C. § 2244(a)(3). the Eleventh Circuit held that evidence that the defendant had been seen masturbating near an unknown girl in a store several months after the date of the charged offense was admissible under Rule 404(b) to show motive, intent, knowledge, plan and preparation, and lack of mistake. Id. at 1254. See also, United States v. Rojas, 145 Fed.Appx. 647, 649-50 (11th Cir. 2005) (unpublished)(other acts evidence may be used to prove a defendant's intent to specifically target children, rather than adults, for sexual activity).

### B. Sufficient Evidence Exists to Allow the Jury to Find that Defendant

### Committed the Extrinsic Acts

The Supreme Court has held that relevant extrinsic evidence that is probative of an issue other than the defendant's character "should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Huddleston v. United States, 485 U.S. 681, 685 (1988). In this case, the jury need only find Minor F credible to reasonably find that Defendant touched her while she was sleeping and offered to marry her in 2004.

### C. The Probative Value of this Evidence Is Not Substantially Outweighed by Undue Prejudice

The Eleventh Circuit has cautioned that exclusion under Rule 403 is an "extraordinary remedy" and must be used sparingly. United States v. King, 713 F.2d 627, 631 (11th cir. 1983). In determining whether probative evidence should be excluded, courts must recognize that "in a criminal trial relevant evidence is inherently prejudicial; it is only when *unfair* prejudice *substantially* outweighs probative value that the rule permits exclusion." Id. (emphasis in original) (internal citations omitted). See also Jernigan, 341 F.3d at 1280 ("Rule 404(b) is a rule of inclusion, and... accordingly '404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case.'").

Evidence of Defendant's conduct after arriving in Cambodia in November 2003 is highly probative of his intent at the time of travel. This is an instance where intent may be ascertained by "drawing inferences from conduct." See Huddleston, 485 U.S. at 685. Courts in this Circuit have declined to exclude evidence with far more possible prejudice than the testimony of Minor F. See Rojas, 145 Fed.Appx. at 650 (evidence of prior attempted sexual enticement of a minor properly admitted where evidence was needed by the prosecution to show the defendant's intent to have

4

sexual contact with minors); Brietweiser, 357 F.3d at 1254 (evidence of previous sexual acts with minors admitted to show motive, intent, knowledge, plan and preparation, and lack of mistake was not more prejudicial than probative).

Where, as here, the defendant is charged with a specific intent crime, the balance in admitting 404(b) evidence of intent tips toward admissibility. Robinson, 687 F.2d at 361. Any prejudice that might result from admission of this evidence can be mitigated with a limiting instruction. See, e.g., Jernigan, 341 F.3d at 1282 (any unfair prejudice of 404(b) evidence mitigated by limiting instruction). The probative value of the evidence offered is not substantially outweighed by the danger of unfair prejudice and the evidence should be admitted.

### III.    CONCLUSION

The testimony of Minor F, is admissible to show Defendant's intent, knowledge, and plan. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Accordingly, for all of the reasons stated above and discussed in more detail in the

Government's Motion In Limine to Admit Images and Testimony, the United States respectfully requests that the testimony of Minor F be admitted in evidence.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: _____
WENDY WALDRON
Trial Attorney, U.S. Department of Justice
1400 New York Ave. N.W.
Washington, D.C. 20005
Telephone: (202) 514-5780
Facsimile: (202) 514-1793

By: _____
ERIC MORALES
Assistant United States Attorney
Court ID Number A5500886
99 NE 4th Street, Suite 400
Miami, FL 33132-2111
Tel: 305-961-9255
Fax: 305-530-7976

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this \_\_\_\_, day of August, 2006, to:

Jeffrey E. Feiler
7685 SW 104 Street
Suite 200
Miami, Florida 33156

*[signature]*
ASSISTANT U.S. ATTORNEY