IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 04-20778-CR-JORDAN/KLEIN

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

KENT FRANK,

   Defendant.

........................................................./

DEFENDANT'S RESPONSE TO
GOVERNMENT'S MOTION IN
LIMINE TO ADMIT IMAGES
AND TESTIMONY



The Defendant, KENT FRANK, through undersigned counsel files this Defendant's Response To Government's Motion In Limine To Admit Images And Testimony and in support thereof states:

The Government filed a Motion In Limine. The Federal Rules of Evidence do not explicitly authorize in limine rulings. However, the practice of permitting a pre-trial ruling is deemed within the inherent authority of a trial court. Any pre-trial ruling of this nature is wholly speculative and subject to change if the proffer of facts subsequently differs from the facts that actually unfold. For this reason, a trial judge is free in the exercise of sound discretion to alter a previous in limine ruling. Luce

v. United States, 469 U.S. 38 (1984). In limine rulings are not binding on the trial judge and that judge may always change his mind during the course of a trial. Ohler v. United States, 529 U.S. 753 at 758 n. 3 (2000).

As this Court knows, this is a criminal case. Unlike federal civil court litigation, the defendant has limited discovery. The defendant does not know who will testify and what the actual testimony will be. Consequently, the defendant can only respond to the Government's motion based on what limited proffer is contained in the Government's motion and reliance on the good faith of the prosecution. For that reason, the defendant has the right to renew and reargue any pretrial in-limine ruling made by this Court on the Government's motion.

Normally, the evidentiary ruling that is the subject of this motion and which involves a commonly occurring type of evidentiary ruling, is raised by the defendant and addressed at trial. Candidly, the defendant is concerned that the true purpose of this motion is to obtain discovery of defense strategy and work product about which the Government is not otherwise entitled. Moreover, the failure of the defendant to respond to this motion in limine cannot prejudice the defendant, if the defendant chooses to wait for trial to make his objections. Indeed, reliance by a defendant upon

-2-

a pretrial in-limine ruling has twice prejudiced a defendant in later appellate rulings by the Supreme Court of the United States.  Luce v. United States, 469 U.S. 38 (1984); Ohler v. United States, 529 U.S. 753 (2000).

Nevertheless, the defendant does believe that it will benefit the trial court to begin considering evidentiary issues that will arise at trial.  The response contained in this motion is made with the understanding that this Court will protect the defendant's rights, including the right to retain defense strategy and tactics to the extent possible in the same manner that this Court would protect the Government's right to conceal prior to trial the witnesses it will actually call at trial and a more precise proffer of the testimony of its witnesses.  Likewise, as more is learned at trial, the defendant reserves his right to alter, add to and otherwise modify any factual or legal argument made by the defendant in this response.

## ADMISSIBILITY OF IMAGES OBTAINED FROM MICRO DRIVE OF CAMERA SEIZED BY CAMBODIAN POLICE FROM HOTEL ROOM OF DEFENDANT

The Government seeks a pre-trial ruling that every single image that it has in its possession from a digital computer micro drive can be admitted into evidence at

the defendant's trial.  This response does not address whether all predicates for admissibility of each image will be met at trial.  The issue of admissibility addressed in this response assumes that each image in question is otherwise admissible.

The issue addressed is can any image in question come into evidence.  That issue is controlled by Federal Rules of Evidence 104(b), 105, 401, 402 and 403 and 404.  At this time, the defendant can only state what types of images cannot be objected to in good faith.  Nevertheless, the defendant will also provide some insight into why other categories of images may not be ruled admissible.  Finally, any ruling of admissibility is subject to a limiting instruction when appropriate.  The nature of that instruction will depend on the precise logical reasons asserted by the Government for admissibility.

What is lawfully admissible from the various photographic images depends on the elements of the crimes that are charged against this defendant in the pending superceding indictment coupled with applied logic flowing from what each image shows and what testimony will be elicited from the prosecution that makes any particular image relevant to proof of guilt of those particular charged crimes.

-4-

Count One through Five of the superceding indictment charge the defendant with a violation of Title 18 United States Code section 2423(c) as to four specific persons identified as A, B, C. and D. Each of those persons is a female. The defendant is a male citizen of the United States. These counts charge that the defendant was in the country of Cambodia on the dates alleged in this indictment and that the defendant knowingly engaged in the statutory definition of "illicit sex" with each of those four females while in the country of Cambodia and when each female was not of a certain age as limited by the language of this criminal statute. The indictment further alleges that each of those females was under the age of eighteen years old.

Simplified, the charges involving the following. A sexual act includes any act involving the sexual organ of a male or the sexual organ of a female. If the female is under the age of sixteen years old at the time of the act and if that same female is at least four years younger than the defendant, the female is not able to legally consent to the sex act. If the female is older than sixteen years old but less than eighteen years old, there is no violation of this statute unless the defendant paid that female to engage in the sex act with him.

At this time, the Government has not advised the defendant whether it will call all four females, i.e. A, B, C, and D. Moreover, at this time, the Government has not advised the defendant whether it will attempt to prove at trial that A, B, C, or D is under the age of sixteen years old or whether this trial will focus on proof that all four persons were older than sixteen years old but less than eighteen years old. That factor might affect a ruling on the admissibility of any one image.

Counts One through Five were alleged to have occurred from September 16, 2003 to January 1, 2004.

If is important to note that the crime charged in 18 U.S.C. § 2423 did not exist until April 30, 2003 when 108 Public Law 21 § 105 went into effect. Prior to that date, there was no United States crime committed if a lustful United States citizen went to Cambodia and had sexual relations with ever female in that country of any age, be that female any age from twelve years old to one hundred years old.

With these concepts in mind, the admissibility of the raw photographic images can be addressed.

Every photograph of A, B, C and D, which is contained on those micro drives **can be admitted** as relevant, assuming that the facts predicate to relevancy and admissibility are otherwise met.

Tourist photos of the defendant, while the defendant is in **Cambodia** and which do not depict any sexual act, **may be admitted** for the purpose of associating the defendant with the micro drives in question.  If no picture of the defendant is contained on any one of the two drives, the Government must so state.  This would effect a ruling on admissibility of images obtained from a drive on which no picture of the defendant appears.

The Government states that "generally" the images were made between September 21, 2003 and January 1, 2004.  Prior to the hearing on this motion, the Government should segregate and identify with specificity any image earlier than September 1, 2003 that it intends to admit.  The defense will make a good faith effort prior to trial to determine if there is an basis to object to an image as irrelevant or if there is any other basis to argue inadmissibility as to those photographic images.

Images of other females is not admissible unless the Government is prepared to establish as to each and every image that those particular pictures and accompanying testimony establish either that the other females are engaged in a sexual act **and also** that each female in each image is either under sixteen years old or older than sixteen but younger than eighteen **and also** is engaged with this defendant in a sexual act **as a result of** receiving something of value in exchange for sex. Simply put, it is **not a crime against the United States** for this defendant to have sexual relations with a female over the age of sixteen years **unless** the defendant also pays that female for that sexual union. Photographs that do not fall within this area become subject to a ruling pursuant to Federal Rule of Evidence 403 and 404 that the admission of that category of photos is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Images in this category pander to the sexual views of jurors who do not feel it appropriate for a middle aged man to have sex with someone as young as sixteen years old or be seen with that age of female – **even though it is not a crime against the United States**. Moreover, sexual photos that suggest mere lust on the part of this defendant are also impermissibly prejudicial. Lust or a great sexual drive or even sexual fantasies of all kinds when occurring in a foreign country **are not a crime against the United States**. Indeed, mental thoughts concerning sexual fantasies even of a perverse nature

-8-

are normal and healthy activity on the part of the American male while traveling in interstate or foreign commerce. Juvenile males have been known to peek at Playboy centerfold nude photographs or other less known and more sexually revealing pictures.

Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Huddleston v. United States, 485 U.S. 681 at 689 (1988). Federal Rule of Evidence 403 lists several bases for exclusion of evidence that is otherwise relevant. In addition to confusion of the issues, or misleading the jury, exclusion can be based on "unfair prejudice." The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. Old Chief v. United States, 519 U.S. 172 at 180 (1997). In the weighing process, the concept of "probative value" involves the concept that the probative worth of any particular bit of evidence is obviously affected by the scarcity or abundance of other evidence on the same point. Old Chief v. United States, 519 U.S. 172 at 185 (1997).

Pretrial segregation of the photographs and a good faith proffer of admissible evidence supplementing each raw image will permit this Court to rule whether each photograph is admissible under the legal standards cited above.

Counts Six through Nine charge of the superceding indictment charge the defendant with a violation of Title 18 United States Code section 2251 A(b)(2)(A) as to the same four females, i.e. A, B, C, and D, while the defendant was in Cambodia. The indictment further alleges that each of those females was under the age of eighteen years old. Finally, the indictment alleges that the defendant "purchased or otherwise obtained custody and control" over each female and that the defendant had the specific intent to promote that each minor engage in sexually explicit conduct for the purpose of photographing each of those four females.

Under **this** statute, the taking of pictures that can be viewed as mere pornography **is not a crime against the United States**. The title of this statute is the selling or buying of children. This statute made be stated as directed to what is tantamount to sexual slavery of a minor by someone who buys (i.e. purchases) an underage female or has authority in the nature of a guardianship or other means of controlling what that minor does. The critical phrase is "purchased or otherwise

-10-

obtained custody or control" over the under-eighteen female.  If the female is free to come and go and under that state of freedom consents to pose in a sexually explicit photograph, that **is not a crime against the United States**.

This Court should not admit any sexually explicit photograph of any female other than A, B, C or D unless the Government will also establish not merely that any such female is under eighteen years old, but more importantly that the defendant "purchased or otherwise obtained custody or control" over that particular underage female.  Absent that, the same pandering to the sexual prejudices of a juror warrant exclusion in any balancing that the federal rules of evidence require.

Count Ten charges that from November 18, 2003 to November 25, 2003 the defendant left Florida and traveled to Cambodia with the intent to engage in "illicit sexual conduct" as that phrase is defined in Title 18 U.S.C. § 2423(f) and that this conduct violated Title 18 U.S.C. § 2423(b).  The same definition of "illicit sexual conduct" that is discussed above applies here.  As noted earlier, the particular version of this crime did not go into effect until April 30, 2003.  All of those images that the defendant concedes are admissible regarding counts One through Five are also admissible here.  Likewise, all images that should not be admitted as argued regarding

-11-

those counts should not be admissible here.

## TESTIMONY OF FEMALE "E"

Female "E' is not alleged to be a subject of any count.  The proffered testimony

is that E will testify to sexual conduct of the defendant that occurred in the year 2002,

while the defendant was in the country of Cambodia.  As already established above,

**this evidence must be excluded because those acts were not a crime against the**

**United States in the year 2002**.  Until that activity became criminal and while it was

legal, that conduct logically cannot establish even a criminal mental state on the part

of the defendant about one year in the future.  All that is left is evidence that seeks to

impermissibly prejudice the jury in terms of lust or lawful sexual fantasies.


The defendant's concern about the type of prosecution that the Government

might conduct at the upcoming trial is demonstrated by the request of the Government

that E be allowed to testify that in the year 2004 – after the effective date of the

pertinent statute – the defendant offered money to marry the fourteen year old sister

of E.  Title 18 U.S.C. § 2423 (f) defines "illicit sexual conduct" to mean a sexual act

with someone under eighteen years old "that would be a violation of chapter 109A

if the sexual act occurred in the special maritime and territorial jurisdiction of the

-12-

United States." That latter statute, Title 18 U.S.C. § 2243(c)(2), provides: In a prosecution under this section, it is a defense, which the defendant must establish by a preponderance of the evidence, that the persons engaging in the sexual act **were at that time married to each other**." Restated, the offer to marry someone fourteen years old in Cambodia is not a crime against the United States. Implicit from this statute is the fact that marriage in a foreign country of any United States citizen to a fourteen year old is not admissible evidence to prove these charged crimes.

Federal Rule of Evidence 413 has no applicability because that rule is limited to admission of the "commission of another offense or offenses of sexual assault." None of witness E's proffered testimony involves conduct that was a federal or state criminal offense. Moreover, 18 U.S.C. § 2423 is in Chapter 117, not Chapter 109A. Finally, 18 U.S.C. § 2251A is in Chapter 110, not Chapter 109A.

The Government may not convict defendant Frank for his sexuality and may not convict him for a having a strong sex drive, only for commission of a federal sex crime.

-13-

ARTHUR JOEL BERGER
12531 S.W. 124 Path
Miami, Florida 33186
Phone: (305) 235-2050

Respectfully submitted,

JEFFREY E. FEILER
Suite 200
7685 S.W. 104th Street
Miami, Florida 33156
Phone: (305) 670-7700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a correct copy of this Response was faxed (305-530-7976) and mailed to opposing counsel, ERIC E. MORALES, Assistant United States Attorney, Suite 400, 99 N.E. 4th Street, Miami, Florida 33132 on this 1st day of September, 2006.

JEFFREY E. FEILER

-14-