

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20778-CR-JORDAN

UNITED STATES OF AMERICA

vs.

KENT FRANK,

    Defendant.

## Government's Motion *In Limine* To Exclude Testimony Of Proposed Defense Expert Witness Doctor Merry Sue Haber

The United States respectfully moves this Court to exclude from the trial in this matter proposed expert testimony regarding the defendant's mental condition.

On September 7, 2006, the defense provided the government with the name, curriculum vitae, and summary of testimony a proposed expert psychological witness, Dr. Merry Sue Haber. The notice discloses that, if permitted to do so, Dr. Haber would testify to the following:

> Dr. Haber has examined Kent Frank and determined that he is not a pedophile nor does he desire to have sexual relations with females and/or Asian females under the age of eighteen (18) years old. In Dr. Haber's opinion, Kent Frank is a normal male who enjoys the flattery and respect bestowed upon him by women in Asia. Mr. Frank does not have a fetish for women and/or Asian women below legal age. Mr. Frank believes that the women with whom he had sexual relations were in fact at least eighteen (18) years of age and of legal age. Mr. Frank believed that he was not violating the law of Cambodia Vietnam, the United States or any other nation.

The proposed testimony of Dr. Haber must be excluded because it is in clear violation of the Federal Rules of Evidence, particularly Rule 704(b). The proposed testimony is also not relevant pursuant to Rules 401 and 402, and does not meet the requirements of Rule 702 because it is not

1



reliable and would not assist the jury to determine any fact in issue. Moreover, Dr. Haber's proposed testimony would be highly confusing and misleading to the jury, and should be excluded under Rule 403.[1]

I. **Argument**

    A.    Dr. Haber's Testimony is Prohibited by Fed.R.Evid. 704(b)

Dr. Haber's proposed testimony violates Rule 704(b), which provides that "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone."

The Eleventh Circuit has made it clear that Rule 704(b) prohibits expert testimony that expressly states an opinion or an inference as to the defendant's state of mind at the time of the offense. *See United States v. Alvarez*, 837 F.2d 1024, 1031 (11th Cir. 1988). Nor may the broad proscription of Rule 704(b) be circumvented by the use of thinly-veiled hypothetical questions. In *United States v. Manley*, 893 F.2d 1221, 1224 (11th Cir. 1990), for example, the court held that Rule 704(b) precluded the use of a hypothetical question that "functioned almost as an outline for the defendant's entire case." The prohibited question was designed to track the affirmative defense at issue in the case and was improperly "structured to elicit the expert's opinion on the ultimate legal issue in the case, the legal accountability of the defendant." *Id.* at 1225.

---

[1] Because the proffered testimony of Dr. Haber clearly impermissible regardless of reliability, the government is not requesting a *Daubert* hearing at this time. If the Court does not decide to exclude Dr. Haber's testimony, the government respectfully requests *Daubert* hearing prior to any trial testimony by Dr. Haber.

2

Similarly, in the child exploitation case *United States v. Esch*, 832 F.2d 531 (10th Cir. 1987), the Tenth Circuit held that the court properly excluded the defendant's proposed expert testimony regarding the defendant's motive for producing the photographs at issue. The court noted that expert testimony regarding intent should be excluded because "[a]n expert may not substitute her judgment as to the defendant's state of mind by testifying that because of the defendant's personality, she would not have acted in a particular manner." *Id.* at 535 (citations omitted).

Several courts have held that expert testimony employed to educate the jury regarding the behaviors of preferential sex offenders was admissible at trial in the prosecution's case-in-chief. In *United States v. Cross*, 928 F.2d 1030, 1050 (11th Cir.), *cert. denied*, 502 U.S. 985 (1991), where the defendant was charged with conspiracy to produce child pornography, expert testimony was admissible regarding "the habits of pedophiles" including "that such persons characteristically derive sexual satisfaction from and collect even such ostensibly non-sexual nude photographs of children" and "that these kinds of pictures, rather than more graphic ones, are frequently published in magazines distributed to pedophiles in an attempt to circumvent laws against obscenity and child pornography." The court in *Cross* characterized the testimony of the expert witness as establishing the *modus operandi* of a particular type of crime. *Id.* Similarly, in *United States v. Long*, 328 F.3d 655, 666 (D.C. Cir.), *cert. denied*, 124 S.Ct. 921 (2003), where the defendant was charged with transportation of a minor with intent to engage in criminal sexual activity and possession of child pornography, the D.C. Circuit held that expert testimony was admissible regarding the behavior and characteristics of preferential sex offenders. The court analogized his testimony to that used in drug trafficking or prostitution cases in which expert testimony is often used to explain patterns of behavior "not ordinarily familiar to the average layperson." *See also United States v. Hayward*, 359

F.3d 631 (3rd Cir. 2004) (testimony regarding normal activities of acquaintance child molester admissible where defendant was charged with transportation of minor with intent to engage in criminal sexual activity); *United States v. Romero*, 189 F.3d 576, 583-584 (7th Cir. 1999), *cert. denied*, 529 U.S. 1011 (2000) (in traveler case, expert testimony was admissible because it provided "education in these kinds of offenders and how they operate," was helpful in overcoming common misconception that sex offender is usually "a dirty old man with a wrinkled raincoat" and explained "a complicated criminal methodology that may look innocent on the surface but is not as innocent as it appears.").

In considering the proposed testimony of Dr. Haber, however, it is crucial to note that in each of these cases in which the expert testimony was held admissible, the expert did not testify as to whether the defendant met any type of "profile" for a preferential sex offender. Rather, the expert testified about certain behaviors a preferential sex offender might engage in and why. Expert testimony cannot stray into "profiling" a defendant (*i.e.* identifying certain personal characteristics, such as family background, age, gender, mental health status, etc. commonly possessed by sex offenders), regardless of whether the proffered testimony is that the defendant closely meets "the profile" of a preferential sex offender (offered by the government), or that the defendant does not closely meet the profile (offered by the defense). *See Romero*, 189 F.3d at 585 (expert could not profile or opine as to defendant's criminal mental state); *Long*, 328 F.3d at 128 ("'Courts have long condemned the use of profiles as substantive evidence of guilt'") (*quoting United States v. McDonald*, 933 F.2d 1519, 1521 (10th Cir. 1991)). Even more important, the testimony discussed above did not stray into the ultimate issue of whether the defendant possessed the requisite *mens rea* for the charged crimes.

4

In the instant case, the impermissible nature of Dr. Haber's proposed testimony is readily apparent. The proffered testimony that the defendant allegedly does not "desire to have sexual relations with females and/or Asian females under the age of eighteen (18) years old" and that "Mr. Frank believes that the women with whom he had sexual relations were in fact at least eighteen (18) years of age and of legal age" goes directly to ultimate issues reserved for the jury and is flatly prohibited by the Rules of Evidence and case law in this Circuit.

Dr. Haber was recently excluded as a witness in *United States v. George Clarke*, Case No. 04-20656-CR-Altonaga, which involved an undercover sex tourism operation in which the defendant was arrested before leaving the United States. The defendant in Clarke was charged with attempting to obtain a minor, knowing that the minor would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1594(a); attempting to travel in foreign commerce to engage in a commercial sex act with a minor, in violation of Title 18, United States Code, Section 2423(e); and attempting to use a facility or means of interstate or foreign commerce to induce a minor to engage in prostitution, in violation of Title 18, United States Code, Section 2422(b). The defense proposed that Dr. Haber be permitted to testify that the defendant was clinically depressed and therefore susceptible to manipulation by government agents and that the defendant supposedly had no propensity for pedophilia or interest in engaging in sex with children. *See United States v. Clarke*, 159 Fed.Appx. 128, 132 (11th Cir. 2006) (unpublished). The court in *Clarke* upheld the district court's exclusion of Dr. Haber's testimony, finding that it did not fall into the narrow category of permissible psychiatric testimony concerning *mens rea*. *Id.* at 132-33. The exclusion of Dr. Haber's testimony in *Clarke* was based primarily on the Insanity Defense Reform Act of 1984, 18 U.S.C. § 17, in which Congress restricted the definition of insanity to the inability "to appreciate

5

the nature and quality or the wrongfulness of [a defendant's] acts." 18 U.S.C. § 17(a). *See Clarke*, 159 Fed.Appx. At 132. This Act serves to prevent defendants from raising "lack of volitional control" or "'some similarly asserted state of mind which would serve to *excuse* the offense.'" *United States v. Cameron*, 907 F.2d 1051, 1061-62 (11th Cir. 1990).

As recognized repeatedly by the Eleventh Circuit, expert psychiatric testimony regarding *mens rea* is strictly limited. Rule 704(b) prohibits testimony on whether the defendant actually had the *mens rea* that is an element or defense to a statute. *See, e.g., Manley*, 893 F.2d at 1224-25. At the same time, the Insanity Defense Reform Act severely limits expert testimony, short of a permissible insanity defense, on whether a particular defendant lacked the capacity to form the requisite *mens rea*. This Circuit has cautioned that "'only in the rare case . . . will even a legally insane defendant actually lack the requisite *mens rea* purely because of mental defect.'" *Cameron*, 907 F.2d at 1066 (internal quotations omitted). "*See also United States v. Wescott*, 83 F.3d 1354, 1358 (11th Cir. 1996) (psychiatric evidence that negates the *mens rea* element of the charged crime must be accompanied by a jury instruction regarding the affirmative defense of insanity). Because the defendant's proposed expert testimony presents no legally acceptable theory or means of establishing lack of *mens rea*, the United States respectfully requests that it be excluded.

B.  Dr. Haber's Testimony Should be Excluded under Rules 702, 401, 402 and 403

Dr. Haber's proposed testimony is also not relevant pursuant to Rules 401 and 402, and does not meet the requirements of Rule 702. Moreover, Dr. Haber's proposed testimony would be highly confusing and misleading to the jury, and should be excluded under Rule 403.

Dr. Haber's proposed testimony that the defendant is not a pedophile and that he allegedly believed that he was not violating the law of any countries is irrelevant. The defendant is not

charged with being a pedophile, nor is being a pedophile or fitting any alleged profile of a pedophile an element of the crime which must be proven by the government.[2] Similarly, it is not a defense if the defendant believed that he was not violating the law. Any expert testimony about the defendant's alleged ignorance of the law is irrelevant. As discussed above, to the extent that such testimony goes to the defendant's alleged belief that his conduct was legal because the minors were eighteen or older, it is prohibited by Rule 704(b). Additionally, any testimony about whether the defendant believed, intended, or did in fact violate a foreign law also is irrelevant.

In addition to her proposed testimony about the defendant's lack of the requisite *mens rea*, which is prohibited by Rule 704(b), Dr. Haber has concluded that the defendant is a "normal male who enjoys the flattery and respect bestowed upon him by women in Asia." According to the defense, Dr. Haber based her opinion solely on her interview with the defendant. It appears that the defense merely wishes to use Dr. Haber as a conduit for defendant's denial of the charges.

One of the basic requirements of Rule 702 is that expert testimony should inform the court about affairs not within the full understanding of the average man. There is nothing scientific about Dr. Haber's opinion that the defendant is a "normal male" to the point that specialized training or expertise is required. Certainly such a state, to the extent that it is even relevant, is within the common understanding of the jury such that Dr. Haber's testimony is not necessary to assist the trier of fact to understand it as required by Rule 702. *See, e.g., Esch*, 832 F.2d at 535 (noting that "more generalized testimony regarding [the defendant's] personality was excludable because it addressed

---

[2] Any mention of a pedophile is particularly irrelevant and misleading in this case, which does not involve any victims who were allegedly prepubescent. A pedophile is a person with a specific sexual interest in prepubescent minors. The statutes with which defendant is charged define the age of the victim as either under sixteen years old or under eighteen years old.

a subject matter within the knowledge and experience of the jury and therefore did not meet the helpfulness criterion of Fed.R.Evid. 702.").

## II. Conclusion

The defendant is attempting to put forth nearly every aspect of his theory of the case through the testimony of Dr. Haber. Dr. Haber's proposed testimony goes directly to the ultimate issue of defendant's mental state. Rule 704(b) strictly reserves this determination for the jury alone. Such testimony on ultimate issues and irrelevant matters such as the defendant's alleged ignorance of the law would also be highly misleading and confusing to the jury, and should therefore be excluded under Rule 403.

WHEREFORE, the government respectfully moves this Court to exclude from the trial in

this matter the testimony of Doctor Merry Haber and other expert testimony regarding the defendant's alleged mental condition.

                Respectfully submitted,

                R. ALEXANDER ACOSTA
                UNITED STATES ATTORNEY

By:   _____
      ERIC MORALES
      Assistant United States Attorney
      Court ID Number
      99 NE 4th Street, Suite 400
      Miami, FL  33132-2111
      Tel: 305-961-9255
      Fax: 305-530-7976

By:   _____
      WENDY WALDRON
      Trial Attorney, U.S. Department of Justice
      1400 New York Ave. N.W.
      Washington, D.C. 20005
      Telephone: (202) 514-5780
      Facsimile: (202) 514-1793

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 11th, day of September, 2006, to:

Jeffrey E. Feiler
7685 SW 104 Street
Suite 200
Miami, Florida 33156

_____
ASSISTANT U.S. ATTORNEY