UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 04-20778-CR-JORDAN

**UNITED STATES OF AMERICA**

vs.

**KENT FRANK,**

       **Defendant.**

                                       /

**UNITED STATES' SUPPLEMENT TO MOTION
IN *LIMINE* TO PRECLUDE HEARSAY**

**COMES NOW** the United States of America, through undersigned counsel, respectfully files this supplement to the government's motion *in limine* to preclude hearsay filed on August 18, 2006. In the motion, the government moved the Court for an order precluding defendant Kent Frank from presenting or eliciting testimony and evidence, or mentioning to the jury, out of court statements made by Minors A, B, C, and D, or other persons, whether the statement was made on video or otherwise.

**I.**    **Factual Background.**

    **A.**    **Minor's prior statements regarding their ages.**

In addition to the March 2005 and March 2006 videotaped statements Minors A, B, and C, gave to the defense (which are detailed in the government's motion in *limine*), the Minors were interviewed regarding their ages at other times. The Minors were first questioned about their ages

1

by Cambodian National Police (CNP) Captain Keo Thea when he first detained them just prior to arresting Defendant. At that time, Minor B stated that she was eighteen years old, but gave a year of birth that would make her younger than eighteen. Minors A, C, and D, gave various ages, all between fifteen and seventeen. Captain Thea did not believe the Minors were as old as they stated based on their demeanor, their appearance, and because they made other statements that appeared not to be true.

In weeks after the CNP arrest of Defendant on January 1, 2004, the Minors made statements as to their age to numerous persons, always stating that they were under eighteen. The persons to whom the Minors stated their ages include CNP personnel, two doctors, social workers, and U.S. government employees. Over one year later, Minors A, B, and C, were interviewed by defense investigators and stated that they were eighteen or over at the time in question.

      B.      **The deposition of CNP Captain Keo Thea.**

At the deposition of Captain Keo Thea, defense counsel asked Captain Thea the following question: "Q: [Minor B][1] told you she was 18 years old." The government objected. Defense counsel repeated the question after the objection:

"Q. [Minor B] told you that she was 18 years old.

A. She told me but I did not believe her."

Deposition of Keo Thea at pp. 126 ln. 20, to127 ln. 3. Despite having asked the question and getting the answer one time, Defense counsel repeated the question *four* more times. "[Minor B] told you that she was 18 years old correct?" Id. at 131, ln 7-8. He repeated the question a third time asking

---

[1] Defense counsel used the minor's name in formulating the question. "[Minor]" will replace the name in this motion.

2

"Q. Sir, my last question I believe was that [Minor B] told you that she was 18 years old; is that correct?" Id. at 132, ln. 3-6. He repeated the question regarding Minor B later for a fourth time. Id. at 134, ln. 1-4. Each time he received a positive answer. He finally asked a similar question before the deposition was terminated, asking:

> "Q. And in speaking with all four girls, all four girls told you that they were 15 or older? All four girls told you that they were 15 or older?
>
> A. Yes.
>
> Q. None of the girls told you that they were younger than 15 years old?
>
> A. They have told me so but I as a police man do not agree with them, do not believe them."

Id. at pp. 135, ln. 24, to 136, ln. 9.

The government did not elicit or otherwise open the door to out-of-court statements of the Minors in the questioning of Captain Thea during the direct examination of the deposition.

**II.    Argument: a pre-trial ruling is needed to prevent the defense from seeking to elicit statements of the Minors regarding their age that are clearly inadmissible hearsay** .

The need for the pre-trial ruling sought by the government is demonstrated by defense counsel's questioning of witness Keo Thea during his deposition on September 27, 2006. In the deposition, defense counsel repeatedly asked questions that called for inadmissible hearsay statements of a Minor as the answer. There was no admissible purpose for asking Keo Thea what the Minors told him regarding their ages.

Although questions such as these are objectionable, a sustained objection is an inadequate remedy once the question is asked. The questions themselves contain inadmissible hearsay and are thus highly prejudicial to the government because the asking of the question will result in the jury

hearing inadmissible hearsay. Minor B's statement to Captain Thea that she was eighteen is particularly unfairly prejudicial to the government. Additionally, if the defense can elicit certain hearsay statements of a Minor regarding her age where she said she was eighteen, then other hearsay statements of Minors regarding their age should also be admitted.

The government recognizes that a trial is a dynamic event and that it may not be possible to determine that hearsay, such as that at issue in this motion, will never be admissible during trial. A Minor's prior statements might become admissible under several evidentiary provisions once the Minor testifies. Additionally, a parties question or a witness' answer may open the door to that which was previously inadmissible. Otherwise however, the out-of-court statements of the Minors made after they were detained by the police, like the Minors' statements to the defense investigator in March 2005 and March 2006, are clearly hearsay if offered for the truth, and are not admissible for any legitimate purpose if offered not for the truth.

The defense response to the government's motion in *limine* does not provide any authority or argument that would make such hearsay admissible. The defense argues that the statements may be admissible to establish Defendant's reasonable belief as to the age of the Minors. Response at 9. This might be correct if the statement was heard by the Defendant at a time *before* he engaged in the acts in question. In that case, the statement may not be hearsay because it would not be offered for the truth, but to prove Defendant had heard the statement and to establish his state of mind. United States v. Rubin, 591 F.2d 278 (5th Cir. 1979). However, the defense video interviews of the Minors and the Minors' statements to the CNP and to the U.S. Agents were made after the crimes were completed and were not made in the presence of Defendant. Therefore, they are not admissible for this purpose.

Defendant also states in his response that the government's motion in *limine* "implies that that this Court should admit post-incident statements of age . . . if that statement favors the [g]overnment's case but exclude statements of age made by those same persons if those statements are unfavorable to the [g]overnment's case." Response at 9. This is not true. The government will not be seeking to introduce any out-of-court statements of the Minors regarding their age in it's case in chief, even the statements the Minors made to doctors during their examinations.

Defendant also asserts that he may use the out-of-court statements of the Minors to "challenge the reliability of [the expert's] opinions on age." Response at 9. The impropriety of using such statements to cross-examine the government's experts was addressed in the government's motion in *limine*. Defendant does not provide any authority or argument to refute the government's position.

## **Conclusion**

The United States renews the prior requests that the Court preclude the defense presenting or eliciting testimony and evidence, or mentioning to the jury, out of court statements made by Minors A, B, C, and D, whether the statement was made on video or otherwise unless Court permission is first obtained outside the hearing of the jury.

Under the facts of this case, it is be reasonable to require a party to ask the permission of the Court before touching upon testimony regarding out-of-court statements of the Minors such as that

at issue in this motion. Therefore, the government requests that the Court address the admissibility of out of Court statements of the Minors before trial.

                          Respectfully submitted,

                          R. ALEXANDER ACOSTA
                          UNITED STATES ATTORNEY

By:   /s/_____
        ERIC E. MORALES
        Assistant United States Attorney
        Court ID Number A5500886
        99 NE 4th Street, Suite 600
        Miami, FL  33132-2111
        Tel: 305-961-9377
        Fax: 305-530-7976

By:   _____
        WENDY WALDRON
        Trial Attorney, U.S. Department of Justice
        1400 New York Ave. N.W.
        Washington, D.C. 20005
        Telephone: (202) 514-5780
        Facsimile: (202) 514-1793

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/
Eric E. Morales
Assistant United States Attorney