UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20778-CR-JORDAN

**UNITED STATES OF AMERICA**

vs.

**KENT FRANK,**

      **Defendant.**
_____/

### UNITED STATES' MOTION WITH OBJECTIONS TO RULE 15 DEPOSITION OF NGUYEN THI DIEM

**COMES NOW** the United States of America, through undersigned counsel, respectfully submits written objections regarding the deposition of Nguyen Thi Diem. As an initial matter, the government agrees the video should be edited as requested by the defense in paragraph number "1" of their filing.

The government requests that the video image be redacted so that no exhibits that have not been admitted into evidence, especially passports, identification cards, and pictures of Sharky Bar, not be show to the jury. The government will oppose introduction of these exhibits on foundation, hearsay, and reliability grounds. Therefore, the exhibits should not be visible on the video unless the Court deems ahead of time that they will be admitted. If the testimony accompanying the image is admissible or not objectionable, then the image should be blacked out while the sound plays.

The government's objections are as follows:

1. Page 8, line 14 to 24: series of questions and answers regarding date of birth and how mother

   told witness her age when she was 10.

   a. Asked and answered on page 5 and 6.

2. Page 8, line 25, to p. 10, line 8: series of questions and publishing of passport.

   a. Hearsay: the document is hearsay that does not meet any exception. Moreover, cross-examination, especially pages 75 to 76, and 90-94, demonstrate that the passport, as well as the residency card, are unreliable and should not be admitted.

   b. Foundation.

   c. Leading: defense counsel uses leading questions with the witness. Note that counsel did not attempt open questions first and there is no indication that witness was having difficulty answering questions or any translation problem

3. Page 10, line 9, to p. 11, line 18: series of questions and publishing of residency card.

   a. Hearsay: again the document is hearsay that does not meet any exception. Moreover, cross examination, especially pages 75 to 76, and 90 to 94, demonstrate that the residency card is unreliable and should not be admitted.

   b. Foundation.

   c. Leading.

4. Page 14, line 20, to p. 18, line 8: government agrees this should be redacted.

5. Page 18, lines 9 through 12:

   a. Leading.

   b. Asked and answered on page 14 line 6.

6. Page 19, line 2 through 20: government agrees this should be redacted.

7. Page 23, lines 4 through 15: irrelevant.

   a. Relevance.

8. Page 24, line 19 to p. 26, line 3: several objections regarding questions and publishing of

exhibit regarding Sharky Bar. Questions are leading, counsel testifies, and there is no foundational testimony by witness, not to mention that it is not established that this is what that part of Sharky Bar looked like at the relevant time in 2003. Counsel is unable to lay foundation with this witness that this is what the front of Sharky Bar looked like at the relevant time period, note that the witness does not read English.

   a. Page 24, line 19 to page 25, line 3: exhibit should not be described or published to jury if it is not first admitted. This exhibit is not admissible through this witness. Counsel testifying to what exhibit is.

   b. Page 24, line 24 to 25: leading.

   c. Page 25, lines 1 to 3: Exhibit should not be described or published if it is not admissible.

   d. Page 25, line 21 to p. 26, line 3: leading.

   e. Pag3 26, lines 4 through 10: irrelevant because time frame not established.

9. Page 26, lines 23 through 25.

   a. Hearsay. Witness testifying what she told person, not the defendant, about her age is inadmissible hearsay. It has no value if not true.

   b. Bolstering.

10. Page 32, line 19 to 20: asked and answered.

   a. Asked and answered on page 27, line 5, to page 28, line 3. Questions were asked and answer on these previous pages. Clearly defense counsel was not pleased with the clear answer to clear questions so he asked until he got the opposite answer.

11. Page 33, line 3 through 8.

   a. Asked and answered on pp. 31, line 23 through 25, and 32, lines 6 through 8, and page 32, lines 17 through 18.

12. Page 33, line 24, to p. 34, line 19:

    a. Leading.

    b. Calls for legal conclusions. Control and custody are legal terms in this case.

13. Page 34, line 15 to 15.

    a. Lack of personal knowledge. Calls for someone else's state of mind.

14. Page 35, lines 7 to 8.

    a. Leading.

15. Page 39, line 18 to 19.

    a. Hearsay. What the witness told someone other than defendant regarding her age is hearsay.

    b. Bolstering.

16. Page 40, line 1 to 3:

    a. Question was leading and assuming facts not in evidence and was properly with withdrawn by counsel.

17. Page 40, line 15 to 16.

    a. Hearsay. What the witness told someone other than defendant regarding her age is hearsay.

    b. Bolstering.

18. Page 41, lines 8 through 12.

    a. Hearsay. What the witness told someone other than defendant regarding her age is hearsay.

    b. Bolstering.

    c. Lines 11 to 12: asked and answered.

19. Page 42, lines 11 through 16.

      a.     Hearsay. What the witness told someone other than defendant regarding her age is hearsay.

      b.     Bolstering.

      c.     Lines 15 to 16: asked and answered.

20. Page 45, line 17, through p. 50, line 16: agree with counsel that this should be redacted.

21. Page 55, line 19, to 22: question was withdrawn and should be redacted.

22. Page 60, line 8 to 10: government withdraws this part of the cross-examination. This part of the cross was in response to defense counsel's asking questions regarding this subject again. This cross-examination would not have been undertaken had counsel refrained from repeating question on page 32, line 19 to 20, despite fact that he had already asked the question.

23. Page 61, lines 10 through 22: exchange should be struck.

24. Page 63, lines 12 through 19: government withdraws this part of the cross-examination and asks that it be struck.

25. Page 70, line 15 through 17: part of question withdrawn.

26. Page 78, line 15 through 23: government withdraws this part of the cross-examination.

27. Page 95, line 22, to p. 96, line 20: government withdraws this part of the cross-examination.

28. Page 98, line 10 to p. 99, line 22:

      a.     Leading.

      b.     Irrelevant.

29. Page 100, line 25, to p. 101, line 4:

      a.     Leading.

      b.     Asked and answered. (Page 27, line 25, through p. 28, line 3.)

30. Page 101, line 8 through 10:

      a.     Leading.

      b.     Asked and answered.

31.    Pages 102, line 12, through p. 103, line 16: government withdraws re-cross examination.

32.    Depending on the Court's rulings regarding the admissibility of the passport, the residency card, and the pictures of Sharky Bar, and rulings on certain hearsay objections, the government may be withdrawing parts of the cross-examination of this witness that pertain to the relevant portions of the direct affected by these rulings.

### Conclusion

WHEREFORE, the United States requests that the above objections be granted.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:   s/Eric Morales
        Eric E. Morales
        Assistant United States Attorney
        Court I.D. No. A5500886
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9255

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 16, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/Eric Morales
Assistant U.S. Attorney