**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 04-20778-CR-JORDAN**

|  |  |
|---|---|
| **UNITED STATES** | ) |
|  | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **KENT FRANK** | ) |
|  | ) |

**JURY INSTRUCTIONS**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant, Kent Frank, guilty of the crimes charged in the Indictment.

1

You must make your decision only on the basis of the testimony and other evidence presented here during the trial, and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The Indictment or formal charge against any defendant is not evidence of guilt.  Indeed, every defendant is presumed by the law to be innocent.  The law does not require a defendant to prove innocence or produce any evidence at all, and if a defendant elects not to testify, you should not consider that in any way during your deliberations.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your affairs.  If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.  Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

With respect to lay opinions given by non-expert witnesses, you must treat that testimony just like the testimony of other witnesses.  It is up to you to decide whether to accept that opinion, and if so how much weight to give it.

When the government offers testimony or evidence that a defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.  It is for you to decide (1) whether the defendant made the statement and (2) if so, how much weight to give to it.  In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it, and whether the statement was freely and voluntarily made.

At this time I will explain the Indictment, which charges ten separate offenses called "counts." I will not read it to you at length because you will be given a copy of the Indictment for reference during your deliberations.

In summary, Counts 1 through 5 charge that the defendant, a citizen of the United States, with last known residence in the Southern District of Florida, traveled in foreign commerce and engaged in illicit sexual conduct with a minor, in violation of Title 18, United States Code, Section 2423(c).

Counts 6 through 9 charge that the defendant, a citizen of the United States, with last known residence in Southern District of Florida, having traveled in interstate and foreign commerce, purchased and otherwise obtained custody and control of a minor with the intent to promote the engaging in of sexually explicit conduct by such minor for the purpose of producing any visual depiction of such conduct, in violation of Title 18, United States Code, Section 2251A(b)(2)(A).

Count 10 charges that the defendant traveled in interstate and foreign commerce for the purpose of engaging in illicit sexual conduct with a minor, in violation of Title 18, United States Code, Section 2423(b).

I will now discuss the charges in greater detail.

Counts 1 through 5 charge the defendant with violations of Title 18, United States Code, Section 2423(c).  Section 2423(c) makes it a crime for any United States citizen to travel in foreign commerce and engage in any illicit sexual conduct with another person.

The defendant can be found guilty of traveling in foreign commerce and engaging in illicit sexual conduct with another person only if all of the following facts are proved beyond a reasonable doubt as to each of Counts 1 - 5.

First:        That the defendant is a United States citizen; and

Second:    That the defendant traveled in foreign commerce; and

Third:      That while in Cambodia the defendant engaged in illicit sexual conduct with the person alleged in the particular count.

The term "illicit sexual conduct" means any commercial sex act with a person under eighteen (18) years of age.

The term "sexual act" means (1) the penetration, however slight, of the vulva or anus by the penis; or (2) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus.

"Travel in foreign commerce" means simply movement between the United States and another country.

The defendant has offered evidence that at the time of the acts alleged in Counts 1-5 he reasonably believed that the persons with whom he engaged in a commercial sex act had reached the age of 18. It is a defense to the charges in Counts 1 -5 that the defendant reasonably believed that Hang, Dieu, Diem, and Thu had reached the age of 18. The defendant has the burden of proving that it is more probably true than not true that he reasonably believed that Hang, Dieu, Diem, and Thu had

10

reached the age of 18.  If you find that the defendant reasonably believed that one or more of the females named in Counts 1 - 5 had reached the age of 18, you must find the defendant not guilty of the count(s) involving that female or females.

Counts 6 through 9 of the Indictment charge the defendant with violations of Title 18, United States Code, Section 2251A(b)(2)(A).  Section 2251(b)(2)(A) makes it a crime for a person to purchase or otherwise obtain custody or control of a minor with the intent to promote the minor engaging in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

The defendant can be found guilty of violating this statute only if all of the following facts are proven beyond a reasonable doubt:

First:      That the defendant purchased or otherwise obtained control of a minor; and

Second:   That the defendant did so with the intent to promote the minor engaging in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third:    That, in the course of the conduct, the defendant traveled in interstate or  foreign commerce.

The term "minor" means any person under the age of 18 years.  The first element of the offense requires proof that the person was under the age of 18 at the time alleged in the Indictment. The defendant's knowledge of the age of the person is not an element of the offense.  Thus, unlike the situation with respect to Counts 1-5, it is not a defense to Counts 6 - 9 that the defendant did not know that the person engaging in sexually explicit conduct was under the age of 18.

If the government has proved beyond a reasonable doubt that Hang, Dieu, Diem, and Thu named in Counts 6 - 9 were under the age of 18 at the time alleged, then you may find that the first element of this offense has been proven.

The term "visual depiction" includes undeveloped film and videotape, and data stored on

computer disc or by electronic means which is capable of conversion into a visual image.

The term "sexually explicit conduct" as used in this statute means actual or simulated:

(a)    sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b)    bestiality;

(c)    masturbation;

(d)    sadistic or masochistic abuse; or

(e)    lascivious exhibition of the genitals or pubic area of any person.

Regarding the last type of sexually explicit conduct – "lascivious exhibition" – not every exposure of the genitals or pubic area constitutes a lascivious exhibition.  In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed.  You may consider the overall content of the material.  You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point.  You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity.  In addition you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire.  You may also consider whether the minor is partially clothed or nude.  You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer.  A visual depiction need not involve all of these factors to be a lascivious exhibition.

"Travel in interstate commerce" means simply movement between one state and another state.

"Purchase" means to obtain in exchange for money or its equivalent.

"Custody or control of a minor" includes, but is not limited to, temporary supervision over or responsibility for a minor, whether legally or illegally obtained.

The defendant is charged in Count 10 of the Indictment with a violation of Title 18, United States Code, Section 2423(b).  This statute makes it a crime for any United States citizen to travel in interstate or foreign commerce for the purpose of engaging in illicit sexual conduct.

A defendant can be found guilty of traveling in interstate or foreign commerce for the purpose of engaging in illicit sexual conduct with another person only if all of the following facts are proved beyond a reasonable doubt:

| First: | The defendant is a United States citizen; and |
|---|---|
| Second: | The defendant traveled in interstate or foreign commerce; and |
| Third: | That the defendant's purpose in traveling in interstate or foreign commerce was to engage in illicit sexual conduct. |

"Travel in foreign commerce" simply means movement between the United States and another country, while "travel in interstate commerce" simply means movement between one state and another state.

The term "illicit sexual conduct" means a commercial sex act with a person under the age of 18.

The government does not have to prove that the defendant actually engaged in illicit sexual conduct, but must prove that he traveled with the intent to engage in such conduct.  Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical

15

inferences that may be drawn from them.

In order to establish this element, it is not necessary for the government to prove that engaging in illicit sexual conduct was the sole purpose for the travel.  A person may have several different purposes or motives for such travel, and each may prompt in varying degrees the act of making the journey.  The government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of the travel was to engage in illicit sexual conduct. In other words, that illegal activity must not have been merely incidental to the trip.

You will note that the Indictment charges that the offense was committed "on or about" a certain date.  The government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.   In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

A separate crime or offense is charged in each count of the Indictment.  Each charge, and the evidence pertaining to it, should be considered separately.  The fact that you may find  the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty.  The defendant is on trial only for the specific offenses alleged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the defendant is convicted, the matter of punishment is for the Judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict.]

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 04-20778-CR-JORDAN**

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **KENT FRANK** | ) |
| | ) |
| | ) |

**<u>VERDICT</u>**

We, the jury, unanimously find as follows as to defendant Kent Frank:

As to Count 1 of the Indictment:

_____    _____
GUILTY              NOT GUILTY

As to Count 2 of the Indictment:

_____    _____
GUILTY              NOT GUILTY

As to Count 3 of the Indictment:

_____    _____
GUILTY              NOT GUILTY

As to Count 4 of the Indictment:

_____    _____
GUILTY              NOT GUILTY

As to Count 5 of the Indictment:

_____    _____
GUILTY              NOT GUILTY

1

As to Count 6 of the Indictment:

_____          _____
GUILTY                           NOT GUILTY

As to Count 7 of the Indictment:

_____          _____
GUILTY                           NOT GUILTY

As to Count 8 of the Indictment:

_____          _____
GUILTY                           NOT GUILTY

As to Count 9 of the Indictment:

_____          _____
GUILTY                           NOT GUILTY

As to Count 10 of the Indictment:

_____          _____
GUILTY                           NOT GUILTY


SO SAY WE ALL


_____          _____
Foreperson (please sign)                          Date
Miami, Florida

2